## Relfe v. Rundle.

A final decree of the proper court dissolved an insolvent life insurance company of Missouri, and, as provided by the statutes in force, vested, for the use and benefit of creditors and policy-holders, its entire property in A., a citizen of that State and superintendent of her insurance department. *Held*, 1. That the statutes being in force when the charter of the company was granted, are, in legal effect, a part thereof. 2. That a suit having been previously instituted in a court of Louisiana by citizens of the latter State against the company, A. was, on being admitted a party thereto, entitled, by reason of his citizenship, to remove it to the Circuit Court of the United States.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

The facts are stated in the opinion of the court.

*Mr. James Carr* and *Mr. George D. Reynolds* for the appellant.

*Mr. Armand Pitot* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The Life Association of America was, on the 5th of November, 1879, a corporation of the State of Missouri, for the purpose of doing a life insurance business, with its chief office at St. Louis, in that State. By the laws of Missouri, the superintendent of the insurance department of the State government might, under certain circumstances, institute proceedings in the courts of the State for the dissolution of such a corporation and the winding up of its affairs. Sect. 6043 of the Revised Statutes of Missouri is as follows: —

"Upon the rendition of a final judgment dissolving a company, or declaring it insolvent, all the assets of such company shall vest in fee-simple and absolutely in the superintendent of the insurance department of this State, and his successor or successors in office, who shall hold and dispose of the same for the use and benefit of the creditors and policy-holders of such company, and such other persons as may be interested in such assets."

On the 13th of October, 1879, L. E. Alexander, a citizen of Missouri, and the receiver of the Columbia Life Insurance Company of Missouri, recovered a claim against the Life Association

of America for $1,100,000, and thereupon William S. Relfe, the superintendent of the insurance department of the State, commenced proceedings under the statute to dissolve the last-named corporation and wind up its affairs. In his petition he prayed that the company might be enjoined from doing any further business, and that an agent might be appointed to take charge of its property temporarily. Such an order was made in the cause, and D. M. Frost, a citizen of Missouri, appointed temporary agent and receiver. Frost at once qualified under this appointment.

On the 5th of November, 1879, Rundle and wife, the appellees, policy-holders of the company, commenced suit in the Fifth District Court of the Parish of New Orleans, against the life association, Frost, the temporary agent and receiver, John R. Fell, the local agent of the company at New Orleans, and L. E. Alexander, receiver of the Columbia Life Insurance Company, the object of which was to have the assets of the company in Louisiana declared a trust fund and applied to the payment of the claims of Louisiana creditors and policy-holders in preference to others. In the bill the decree in favor of the receiver of the Columbia Life Insurance Company, and the proceedings by Relfe, the superintendent of the insurance department, with the appointment of Frost as temporary receiver, were set out in detail, and the whole object and purpose of the suit was to keep the Louisiana assets out of the hands of Relfe and his successors in office. No special relief was asked against the receiver of the Columbia Life Insurance Company. Upon the filing of the bill, Walter B. Wilcox was appointed receiver. Service of process was made on Alexander only through Francis B. Lee, who was appointed *curator ad hoc* at the same time that Wilcox was appointed receiver. Fell was made a party only for the purpose of reaching property in his hands.

On the 10th of November the company was dissolved by a decree of the Missouri court, and its property vested in Relfe, superintendent of the insurance department, as provided by the statute. On the 17th of the same month Relfe was, on his own motion, made a party to the suit in New Orleans, as the legal representative of the late corporation, and on the 28th he filed a petition for the removal of the cause to the Circuit Court of

the United States for the District of Louisiana. In his petition
he set forth his own citizenship in Missouri, and that of the
appellees in Louisiana. The citizenship of all the other persons named as parties to the suit appeared in the pleadings.
He also gave the security required by the act of Congress, and
on the 5th of December, which was in time, filed in the Circuit
Court a copy of the record in the State court. On the 9th of
the same month the receiver appointed in the State court
moved to dismiss the cause and strike it from the docket of the
Circuit Court: 1, Because that court was without jurisdiction
either of the person or the subject-matter; 2, because Relfe
had no standing in court, he being a creature of the State of
Missouri, without capacity to sue or remove causes in Louisiana; 3, because the suit was improperly removed; and, 4, because the State court having first taken charge of the property,
the Circuit Court could not interfere with the possession of the
receiver of that court. While this motion was pending, and on
the 30th of December, the life association and Frost filed their
petition in the State court, setting forth the former petition of
Relfe, and adopting it and all that had been done under it as
their own, and also asking that the suit be removed on their
own account. They also gave the security required by the act
of Congress. On the 5th of January the Circuit Court heard
the motion of the State court receiver made on the 9th of December, and remanded the cause. From that order the life
association, Relfe, and Frost took this appeal, under the fifth
section of the act of 1875, c. 137. 18 Stat., pt. 3, p. 472.

We think the Circuit Court erred in remanding the cause.
The entire controversy is between the appellees, representing
the Louisiana creditors and policy-holders, on one side, and
Relfe, the statutory representative of the corporation and its
property, on the other, as to their respective rights to what the
appellees claim are Louisiana assets belonging primarily to
Louisiana creditors. Fell and the receiver of the Columbia
Life Insurance Company are formal parties only. Fell has in
his possession, as a naked trustee, some of the Louisiana assets,
and the receiver of the Columbia Life Insurance Company is,
so far as anything appears, no more than a general creditor of
the dissolved corporation whom, necessarily, under the law,

Relfe represents. After the decree of dissolution the Life Association Company had no longer any corporate existence, and the temporary agency and receivership of Frost was ended when the property of the corporation was transferred to Relfe and he became under the law entitled to the possession.

Relfe is not an officer of the Missouri State court, but the person designated by law to take the property of any dissolved life insurance corporation of that State, and hold and dispose of it in trust for the use and benefit of creditors, and other parties interested. The law which clothed him with this trust was, in legal effect, part of the charter of the corporation. He was the statutory successor of the corporation for the purpose of winding up its affairs. As such he represents the corporation at all times and places in all matters connected with his trust. He is the trustee of an express trust, with all the rights which properly belong to such a position. He is an officer of the State, and as such represents the State in its sovereignty while performing its public duties connected with the winding up of the affairs of one of its insolvent and dissolved corporations. His authority does not come from the decree of the court, but from the statute. He appeared in Louisiana not by virtue of any appointment from the court, but as the statutory successor of a corporation which the court had in a legitimate way dissolved and put out of existence. He was, in fact, the corporation itself for all the purposes of winding up its affairs.

We are aware that, except by virtue of some statutory authority, an administrator appointed in one State cannot generally sue in another, and that a receiver appointed by a State court has no extra-territorial power; but a corporation is the creature of legislation, and may be endowed with such powers as its creator sees fit to give. Necessarily it must act through agents, and the State which creates it may say who those agents shall be. One may be its representative when in active operation, and in full possession of all its powers, and another if it has forfeited its charter and has no lawful existence except to wind up its affairs. No State need allow the corporations of other States to do business within its jurisdiction unless it chooses, with perhaps the exception of commercial corporations; but if it does, without limitation, express or implied, the

corporation comes in as it has been created. Every corporation necessarily carries its charter wherever it goes, for that is the law of its existence. It may be restricted in the use of some of its powers while doing business away from its corporate home, but every person who deals with it everywhere is bound to take notice of the provisions which have been made in its charter for the management and control of its affairs both in life and after dissolution.

By the charter of this corporation, if a dissolution was decreed, its property passed by operation of law to the superintendent of the insurance department of the State, and he was charged with the duty of winding up its affairs. Every policy-holder and creditor in Louisiana is charged with notice of this charter right which all interested in the affairs of the corporation can insist shall be regarded. The appellees, when they contracted with the Missouri corporation, impliedly agreed that if the corporation was dissolved under the Missouri laws, the superintendent of the insurance department of the State should represent the company in all suits instituted by them affecting the winding up of its affairs. Relfe, therefore, became, by operation of law, the successor of the corporation in the litigation these appellees instituted in Louisiana. He was, in legal effect, their only opponent in the suit they had begun, and as he appeared in time and was a citizen of Missouri, representing a Missouri corporation, he was entitled to remove the cause and require citizens of Louisiana to litigate their claims with him in the courts of the United States.

The order of the Circuit Court remanding the suit will, therefore, be reversed, and the record remanded to that court with instructions to proceed according to law as with a pending suit within its jurisdiction by removal; and it is

*So ordered.*