## STRAINE v. BRADFORD SAVINGS BANK & TRUST CO.

### (Circuit Court, D. Vermont. May 25, 1898.)

JURISDICTION—FEDERAL AND STATE COURTS—PROCEEDINGS FOR DISSOLUTION OF CORPORATION.

Proceedings brought by a public officer under a state statute for the winding up of a corporation, and the appointment of a receiver therein, do not deprive the circuit court of the United States of jurisdiction to proceed with a suit in equity brought by a stockholder, who is a resident of another state, against the corporation, for the adjustment of mutual claims, and to enjoin any disposition of his stock held by the corporation in pledge.

William M. Stockbridge and Gilbert A. Davis, for plaintiff.
W. B. C. Stickney and John H. Watson, for defendant.

WHEELER, District Judge. An original bill was brought herein to compel a set-off of claims of the orator against claims of the defendant, and for a decree for the balance, and to prevent disposition of securities held by the defendant as collateral, and for a sequestration of defendant's property, in nature of an attachment, which was had. A supplemental bill has been brought to prevent, by injunction, disposition of, and voting upon, the orator's stock in the defendant company, also held as collateral, and an injunction has been granted. Proceedings brought since by the inspector of finance of the state in the state court of chancery, wherein a receiver has been appointed for winding up the affairs of the defendant, and ratably dis-

tribuling its assets among creditors, have been pleaded to the supplemental bill, and the plea has been argued.

An institution of this kind may be proceeded against in this way for other causes than insolvency.   V. S. § 4054.   Whether this proceeding is because of insolvency, which would leave the stock worthless, or for some other cause, which might leave it of value, is not set forth in the plea.   It might belong to the orator again, with the other collaterals, upon satisfaction of the defendant's claims against him by set-off, or otherwise, and the trial of this cause might be necessary to settle the question of such satisfaction.   The case of Relfe v. Rundle, 103 U. S. 222, is relied upon to show that the receivership would draw all questions relating to the property and claims to those proceedings.   In that case, however, it was held that similar state proceedings to wind up a corporation did not prevent trying questions concerning them between citizens of different states in the United States courts; and the judgment was reversed for that purpose.   In Railroad Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155, the court held that proceedings in a state probate court upon the death of a defendant in the United States circuit court would not withdraw property from seizure on process of that court.   And in Coal Co. v. McCreery, 141 U. S. 475, 12 Sup. Ct. 28, the court held that proceedings in a court of Ohio to wind up an Ohio corporation would not withdraw property of the corporation from the effect of a decree in the United States circuit court.   The earliest cases on this subject were reviewed in these cases, and the principles applicable to these questions were deduced from them.   In the latter case, Mr. Justice Brewer said:

"The circuit court takes its jurisdiction, not from the state of Ohio, but from the United States; and the extent of its jurisdiction is not determined by the laws of the state, but by those of the United States.   Doubtless, while sitting in the state, as a court of the United States, it accepts and gives effect to the laws of the state, so far as they do not affect its jurisdiction and the rights of nonresident creditors.   It nevertheless exercises powers independent of the laws of the state; and when, in pursuance of the jurisdiction conferred by the laws of the United States, it takes possession of the property of a defendant, and proceeds to final decree, determining the rights of all parties to that property, its decree is not superseded, and its jurisdiction ended, by reason of subsequent proceedings in the courts of the state looking to an administration of that property in accordance with the laws of the state."

According to these principles, the orator here, as a citizen of another state, had the right to have the claims in controversy, that must be adjusted in order to ascertain his right to the stock which is the subject of the supplemental bill, tried and determined in this court.   The state court has not, by the appointment of the receiver, attempted to interfere at all with this right, and this court cannot properly deny it.   Plea overruled.