ALFRED L. MILLER et als. *vs.* JAMES A. SPAULDING.

Cumberland.     Opinion November 2, 1910.

*Banks and Banking. Stockholders. Double Liability. Actions to Enforce. Laws of Colorado, 1885, page 264. Mills' Ann. Code of Colorado, section 12.*

The laws of Colorado, 1885, page 264, impose upon stockholders in banking corporations a liability to creditors in double the amount of the value of the stock held by them respectively, but no special remedy is provided for enforcement of the liability. *Held:* That section 12 of the Civil Code of Colorado (Acts 1887, chapter 1), providing that when a question is one of a general interest to many persons, or when the parties are numerous and it is impracticable to bring them all before the court, one or more may sue the defendant for the benefit of all, and the court may order the action to be so prosecuted or defended, obviously enacted without any special reference to the method of enforcing the liability of stockholders for the debts of insolvent corporations, making no provision for appointment of an assignee or receiver to be vested with the rights of creditors, and empowered as their representatives to enforce the liability of stockholders, but simply establishing a local method of procedure, without force beyond the jurisdiction of the State, and no part of the contract entered into by the shareholders in subscribing for their stock, furnishes no remedy to creditors of a Colorado Bank to enforce the double liability of a non-resident stockholder in Maine.

The laws of Colorado, 1885, page 264, providing no method for enforcing the double liability imposed in an action outside the State, the course of procedure must be regulated by the law of the State where it is sought to make the remedy available, under the rule that remedies are regulated by the lex fori, and no law existing in Maine whereby, in actions at law, one or more persons may sue for the benefit of themselves and ˉothers interested in a question of common or general interest an action in Maine by three creditors of a Colorado bank to enforce double liability imposed by the Colorado statute upon stockholders cannot be maintained.

On report.    Plaintiffs nonsuit.

Action of debt brought to enforce the double liability of the defendant who was a non-resident stockholder in the State Bank of Monte Vista in the State of Colorado.    Plea, the general issue. At the conclusion of the evidence the case was withdrawn from the jury and reported to the Law Court under the following stipulations : "By agreement of parties, this case is reported to the Law Court for its determination upon the evidence admitted at the trial without objection, and upon such parts of the evidence offered and objected to as are legally admissible."

The case is stated in the opinion.

*Dennis A. Meaher, Geo. W. Heselton, and Tolles & Cobbey,* (of the Denver, Colorado Bar), for plaintiffs.

*Anthoine & Talbot,* for defendant.

SITTING :    EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

WHITEHOUSE, J.    This is an action of debt brought to enforce the double liability of the defendant who was a non-resident stockholder in the State Bank of Monte Vista in the State of Colorado. The defendant is summoned to answer to the three plaintiffs, Miller, Workman and Smith "who bring this action for and in behalf of themselves and all others similarly situated" and after reciting the statute of Colorado which imposes upon such stockholders an individual responsibility for debts of the corporation in double the amount of the par value of the stock owned by them respectively, the declaration in the writ contains the following allegations :

"This liability is solely for the benefit of the creditors of the bank, and constitutes a fund exclusively for the benefit of all the creditors, and forms no part of the assets of the corporation, and the right of action to enforce said liability accrues to the creditors themselves and not to the assignee of said bank.

And the plaintiffs say that on June 9, A. D. 1905, certain creditors of said bank brought an action for and on behalf of all the creditors of said bank against said State bank of Monte Vista, and

Norman H. Chapman, assignee thereof, and all the stockholders thereof, including this defendant, in the district court of the City and County of Denver in the State of Colorado, to ascertain and fix the amount due from each stockholder to the creditors of said bank under said liability above set out, upon an accounting of all the assets and indebtedness of said bank ; and that it appears from the proceedings and record in said case that judgments have been rendered against all the stockholders of said bank who reside in the State of Colorado, and $3250 has been collected on said liability from those who are solvent and applied on the indebtedness of said bank to the creditors, and that executions have issued against all the others and been returned "No property found."

And the plaintiffs say that sec. 12, of the Civil Code of Colorado, Acts of 1887, provide as follows :

"If the parties to the action, those who are united in interest, shall be joined as plaintiffs, or defendants, but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint, and when the question is one of a common or general interest of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all, and the court may make an order that the action be so prosecuted or defended."

And the plaintiffs say that under said section 12 of the Civil Code, said court duly entered a decree on May 28, A. D. 1907, a copy of which the plaintiffs crave leave to produce at the trial of this action in proof thereof, whereby said Alfred L. Miller, Dan Workman and Phoebe C. Smith, the above named plaintiffs, were appointed to represent all creditors and are authorized to sue for the benefit of all the creditors of said State Bank and bring all necessary action and proceedings, for the purpose of collecting the stock liability from the stockholders of said bank residing outside of the State of Colorado, to the end that any and all sums, so collected by them, be divided ratably among the creditors of said bank in proportion to the amount of their respective claims ; and by said decree, it further appeared that after deducting the amounts

paid by the assignee, derived from the assets and the amounts paid on the stock liability, as aforesaid, there was still due from said bank to the plaintiffs and the other creditors, the sum of $84,319.89; that said bank is wholly insolvent and without money or property from which said sum can be collected in whole or in part, and that no judgment rendered therein against said bank can be collected by execution, or otherwise; that, in order to raise a fund to pay the remainder of said amount, to wit, $84,319.89, still due from said bank to the plaintiffs and the other creditors, and in order that the same be prorated equally among the stockholders, according to the amount of stock held by each of them, it is necessary for the remaining stockholders, who have not paid anything to pay $53\frac{1}{2}$ per cent, of their stock liability and by said decree, the defendant is adjudged liable to the plaintiffs upon the said number of shares to an assessment of Five Hundred and Thirty-Five Dollars and interest to be collected by the plaintiffs for the benefit of all the creditors of said bank."

It is not in controversy that the "double liability" thus imposed upon the stockholders of the bank by the statute of Colorado is a contractual one, and that upon the facts disclosed by the evidence in this case and the repeated decisions of this court an appropriate action could be maintained by the creditors of the bank whose claims have been established by the decree of the Colorado Court, to collect from Maine stockholders their pro rata share of the corporate deficiency. But it is contended in behalf of the defense

1. That inasmuch as it appears from the record as well as from undisputed testimony that the defendant had never been served with summons to appear and did not in fact appear in the legal proceedings above stated in the Colorado Court, no personal judgment was rendered against him which could be the foundation of an action of debt in this State.

2. That if the action be considered an appropriate one to enforce the original statutory liability of the defendant arising from his subscription to the stock of the corporation, it cannot be maintained by these three plaintiffs in any representative capacity to recover the full amount due from the defendant as his proportionate

part of the bank's indebtedness, for the benefit of all the creditors, for the reason that the plaintiffs' are not authorized by any statute or decree of court in Colorado to institute such an action, and that they cannot recover in their individual right for the reason that they have not alleged nor proved the amount of their ascertained personal claims against the bank ; and

3.    That there was no competent evidence of the amount of the bank's capital stock nor of the amount of stock held by the defendant, for the reason that the Colorado court had no statute authority to find these facts, and that there is nothing in its decree to justify the claim that the defendant as a stockholder is liable to the amount of $535.

On the other hand with respect to the defendant's second objection, it is contended in behalf of the plaintiffs that the statute of Colorado above quoted, and the decree of its court alleged to have been made in pursuance of it, in legal effect vested the title to these individual liabilities of stockholders, in the plaintiffs as trustees for all of the creditors, and directly authorized them to maintain actions for their collection wherever the stockholders might be found. It is insisted that the plaintiffs thereby became statutory assignees within the rule adopted in *Relfe* v. *Rundle*, 103 U. S. 222 ; *Bernheimer* v. *Converse*, 206 U. S. 516 ; *Childs* v. *Cleaves*, 95 Maine, 498, and other similar cases, state and federal.

The conclusion reached by the court respecting the defendant's second proposition, renders it unnecessary to consider the other objections interposed, for after a careful examination of the questions involved in the light of the previous decisions in this State and of those in other jurisdictions to which attention has been called, it is the opinion of the court that the defendant's second objection that the action cannot be maintained by these plaintiffs against a single stockholder, must be sustained.

In *Childs* v. *Cleaves*, 95 Maine, supra, the construction of the constitution and statutes of Minnesota upon which the decree of the court in that State was based, authorizing the receiver to institute actions against non-resident stockholders, was considered in the light of the latest judicial utterance upon the subject in that State,

and with respect to the receiver's authority to act extraterritorially, the court said in the opinion : "His authority emanated directly from the statute under which he was appointed. It appears from the declaration in the writ that he was expressly authorized and directed by a decree of the Minnesota court to institute, in his own name as receiver, all auxiliary actions necessary to enforce the liability of non-resident stockholders, and it has been seen that this decree was expressly authorized by the statute under which this receiver was appointed. In *Relfe* v. *Rundle*, 103 U. S. 222, the statute made an official designation of the Insurance Superintendent as the receiver or trustee and the power of appointing that officer was intrusted to the Executive. In neither case does the statute make a personal selection of the receiver ; and no essential difference in principle can be suggested between the receiver in *Relfe* v. *Rundle*, and the receiver in the case at bar, respecting the rights to sue in a foreign jurisdiction."

The authority of the receiver under the Minnesota statute was directly involved and the same view was adopted in the U. S. Circuit Court, in *Hale* v. *Hardon*, 95 Fed. Rep. 747, and *Hale* v. *Helliker*, 109 Fed. Rep. 273. It is also in harmony with the result announced in *Hale* v. *Tyler*, 104 Fed. Rep. 757, and several other cases in both state and federal jurisdictions.

The double liability of the stockholders in the Minnesota banking corporations was created by the express terms of both the Constitution and the statutes of that State, and chapter 76 of the General Statutes of 1894, contained special and distinct provisions for the enforcement of this liability. It declares that upon complaint filed for the purpose of charging the stockholders "on account of any liability created by law," "the court shall proceed thereon as in other cases, and, when necessary, shall cause an account to be taken of the property and debts due to and from such corporation, and shall appoint one or more receivers ;" that if it appears that the corporation is insolvent, the court may proceed without appointing any receiver to ascertain the liabilities of stockholders "and enforce the same by its judgment as in other cases ;" that upon final judgment the court shall cause a just and final

distribution of the proceeds of the property of the corporation to be made among its creditors; that if the property of the corporation is insufficient to satisfy its debts, the court shall enforce the payment of anything unpaid on the shares of stock, and if the debts still remain unsatisfied,—the court shall proceed to ascertain the liabilities of the stockholders and adjudge the amount payable by each and enforce the judgment "as in other cases."

It will be seen that here were imperative requirements that the "court . . . . shall appoint one or more receivers" and if the debts remain unsatisfied "the court shall proceed to ascertain the liabilities of the stockholders and adjudge the amount payable by each, and enforce the judgment as in other cases." In view of the manifest scope and purpose of the act it was deemed by this court a reasonable construction to hold that it authorized the court to appoint one receiver to represent the interests of the corporation and another who should be a special representative of the creditors with power to enforce the liability of stockholders wherever situated, or to appoint one receiver to exercise both of these functions. In the proceedings involved in *Childs* v. *Cleaves*, 95 Maine, supra, the latter course was pursued, and the receiver was expressly authorized by the decree of court based upon the foregoing statutes, to institute all necessary actions for the purpose of enforcing the individual liability of non-resident stockholders.

But the Supreme Court of the United States, in *Hale, Receiver,* v. *Allinson*, 188 U. S. 56, declined to accept this construction of the Minnesota statute which had been adopted by the circuit courts and refused to recognize the authority of such a receiver to institute actions in foreign jurisdictions to enforce the liability of stockholders. But after the Minnesota statute of 1894 was amended or supplemented by the enactment of 1899, which explicitly declared what had been reasonably implied by the language and scope of the Act of 1894, the Supreme Court held in *Bernheimer* v. *Converse*, 206 U. S. 516, that the plaintiff, receiver in that case had authority by statute as a quasi assignee and representative of the creditors to maintain an action to enforce the liability of non-resident stockholders.

There is a clear and broad distinction, however, between the Colorado case now before the court and the cases arising under the Minnesota statute. In the case at bar the source of the alleged authority of the plaintiffs respecting the enforcement of the liability of non-resident stockholders, is radically and totally different from that of the plaintiff receiver in *Bernheimer* v. *Converse*, 206 U. S., supra, or in *Childs* v. *Cleaves*, 95 Maine, supra, and other cases involving the construction of statutes by virtue of which it has been held that the receiver was authorized, either expressly or by implication, to act extraterritorially.

It is not in controversy that the Colorado statute of 1885 imposed upon stockholders in banking corporations a liability to creditors in double the amount of the value of the stock held by them respectively, but no special remedy appears to have been provided in the code of that State for the enforcement of this liability.

The plaintiffs say that they base their right to maintain this action not alone upon the decree of the court but upon section 12 of the Civil Code of Colorado of 1887 hereinbefore quoted. The latter part of this section provides that "When the question is one of a common or general interest of many persons, or when the parties are numerous and it is impracticable to bring them all before the court, one or more may sue the defendant for the benefit of all, and the court may make an order that the action be so prosecuted or defended." This statute was obviously enacted without any special reference to the method of enforcing the liability of stockholders for the debts of insolvent corporations. It makes no provision for the appointment of an assignee or receiver who should be vested with the rights of creditors and as their representative be empowered to enforce the liability of stockholders. It simply establishes a purely local method of procedure and practice. It does not purport to have and obviously was not designed to have any force beyond the jurisdiction of the State in which it was enacted.

In *Abbott et als.* v. *Goodall et als.*, 100 Maine, 231, in sustaining the demurrer filed by the defendants on the ground that the corporation was not made a party, the court said: "When the statute creating the liability provides a special remedy, it can be

enforced in no other manner. *F. N. Bank of New York* v. *Francklyn*, 120 U. S. 747. In the case before us the statute of Colorado provides no remedy. Under such conditions, both upon authority and reason, the proper remedy is by a suit in equity by or for all the creditors and against all the stockholders and the bank itself."

In *Miller* v. *Aldrich*, 202 Mass. 109, these same plaintiffs brought an action at law against a Massachusetts stockholder, and the averments in their declaration were substantially identical with those in the case at bar. In sustaining the demurrer filed by the defendants, the court said in the opinion ; "But it does not appear that the proceedings taken in Colorado were in accordance with the provision of any statute or rule of law fixed by the decisions of its courts and enforced when the defendants became stockholders and incurred their contractual liability as such. The reason for the rule adopted in *Converse* v. *Ayer*, 197 Mass. 453 ; *Francis* v. *Hazlett*, 192 Mass. 137 ; *Howarth* v. *Lombard*, 175 Mass. 570, fails here. The difficulty is not merely as to the plaintiffs' right to sue in their own names. Though not called receivers, they yet might perhaps be shown to have become quasi assignees of the right of action within the rule stated in *Howarth* v. *Lombard,* supra, and *Bernheimer* v. *Converse*, 206 U. S. 516. But the difficulty goes deeper. It does not appear that the statute of Colorado as construed by its courts, has provided any remedy for its enforcement which can be made available outside that State. That did appear or was assumed so far as we have been able to ascertain in the cases in which under similar circumstances statutes like these have been sustained against all domestic stockholders of foreign corporations. . . . . But it does not appear that there is or was in Colorado any statute or any fixed rule of law authorizing such proceedings as were had and so making them final and conclusive upon all stockholders as being represented by the corporation itself. The statute set out in the declaration merely established a rule of practice. It can be given no other effect."

For the reason above noted, that the method of enforcing the liability prescribed by the statute creating it must be deemed the

exclusive remedy, the case at bar is also readily distinguishable from *Pulsifer* v. *Green*, 96 Maine, 438. In that case a creditor of a Kansas corporation obtained judgment against it in that State and brought an action at law in Maine to enforce the double liability of a stockholder. The remedy sought by the plaintiff was the one expressly provided by the statute creating the liability of the stockholder, and it was held to be the exclusive one; and as the period of limitation was not prescribed by the same statute which conferred the right, the plaintiff was allowed to recover.

It was held in *Drinkwater* v. *Marine Railway*, 18 Maine, 35, that where a statute of another State created a liability on the part of the stockholders of a corporation, but prescribed no method by which that liability was to be enforced, the course of procedure must be regulated by the law of the State where it was sought to make the remedy available. And it is a general and well settled rule that remedies are regulated and governed by the lex fori. *Taft* v. *Ward*, 106 Mass. 518; *Iron Co.* v. *B. L. Works & Tr.*, 51 Maine, 585.

It has been seen that the practice act of Colorado which allows one or more parties to sue for the benefit of all, was not a part of the statute of 1885, which created the liability of stockholders in banks organized in that State but was enacted in 1887. It had no reference to the enforcement of the liability of non-resident stockholders, and was no part of the contract entered into by the shareholders in subscribing for their stock. It is local, not transitory. It has no extra-territorial force and cannot be recognized in this State. Nor has any such rule of practice been established by the statutes of this State respecting the procedure in actions at law.

The conclusion is therefore irresistible that this action cannot be maintained by these plaintiffs, and the certificate must be,

*Plaintiff's nonsuit.*