GROOM v. MORTIMER LAND CO. et al.

MORTIMER LAND CO. et al. v. GROOM.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1912.)

No. 2,292.

1. REMOVAL OF CAUSES (§ 82*)—RIGHT OF CORPORATION—DISSOLUTION—CAPACITY.

Under the New Jersey statute (P. L. 1896, p. 295, § 53), which continues the corporate existence of a dissolved corporation to prosecute or defend suits by or against it, on suit against a corporation, a defendant corporation can remove the cause to a federal court notwithstanding dissolution.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 82.*]

2. COURTS (§ 493*)—CONFLICTING JURISDICTION—RECEIVERSHIP PROCEEDINGS BY STOCKHOLDERS.

A Texas stockholder of a New Jersey corporation cannot maintain a bill in Texas to wind up the corporation and distribute its assets through a receivership, where voluntary proceedings for dissolution have been previously brought under the laws of New Jersey (P. L. 1896, p. 295, § 53), which preserve the corporation's existence to wind up its affairs, and which makes the directors at the time of dissolution trustees in liquidation, etc.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 493.*]

Conflict of jurisdiction of federal courts with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

3. ABATEMENT AND REVIVAL (§ 12*)—ANOTHER ACTION PENDING—STATE AND FEDERAL COURTS.

Generally a plea of another action pending is good only when both suits are pending in courts under the same governmental jurisdiction; and hence the pendency of a prior suit in the state court will not abate a suit in the federal court, unless there is something to except it from the general rules.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87–91; Dec. Dig. § 12.*]

Pendency of action in state or federal court as ground for abatement of action in the other, see notes to Bunker Hill & Sullivan M. & C. Co. v. Shoshone M. Co., 47 C. C. A. 205; Barnsdall v. Waltemeyer, 73 C. C. A. 521.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. COURTS (§ 18*)—JURISDICTION—CONVEYANCE OF LANDS.

A court of equity in cases of contract, trust, fraud, etc., has jurisdiction when it has the parties before it acting on their persons to compel execution of a conveyance of lands beyond its jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 50-68; Dec. Dig. § 18.*]

5. COURTS (§ 357*)—FEDERAL COURTS—COSTS—ATTORNEY'S FEES.

Though a bill brought in Texas for dissolution of a corporation was dismissed through pendency of previous dissolution proceedings in New Jersey, where the corporation was organized, it was proper to refuse to allow defendant counsel fees.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. § 357.*]

Appeal and Cross-Appeal from the Circuit Court of the United States for the Northern District of Texas.

Bill by Harrison T. Groom against the Mortimer Land Company and others. From the decree, complainant appeals, and defendants file cross-appeal. Affirmed.

Maurice E. Locke and Eugene P. Locke, for appellant.

Sam J. Hunter, Ray Hunter, and William Mitchell, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. [1] This case was brought in the state court against the Mortimer Land Company as sole defendant, and was by it removed to the Circuit Court of the United States. At the time of the removal, the defendant corporation was dissolved, and the question that presents itself on the threshold is whether the dissolved corporation was a party with capacity to remove the case to the federal court. The act of New Jersey, under which the defendant corporation was dissolved, perpetuates its corporate existence "for the purpose of prosecuting or defending suits by or against them." P. L. 1896, p. 295, § 53. It seems that this would entitle it to do that with respect to removal which any party defendant could do under the removal act. When the case reached the Circuit Court of the United States, a substituted bill was filed making the individuals, who were trustees, as well as the New Jersey receiver, parties defendant, all of whom have appeared in the suit. If the case were remanded because of defect in the party removing it, it would be open to any one of the individual defendants to again remove it to the federal court. It follows that the case was properly removed.

[2, 3] The demurrer to the bill presents the question as to the right of the Circuit Court in Texas to maintain a bill for the winding up of the defendant corporation and distribution of its assets and settlement of its affairs through a receivership. The plaintiff was a stockholder of the corporation, and not a creditor, and sues in the former capacity only. Prior to the institution of this suit, the defendant, which was organized under the statutes of New Jersey, had voluntarily dissolved pursuant to the laws of that state by filing with its Secretary of State a certificate of consent of its stockholders to the

dissolution at a meeting held pursuant to the New Jersey statute. The plaintiff in his bill alleges his approval of and consent to the dissolution proceedings so far as they operate to end the existence of the corporation. The corporate existence, after dissolution, is by the New Jersey statute preserved for the purpose of winding up the affairs of the corporation with limited powers to that end. The New Jersey dissolution statute also makes the directors of the corporation at the time of dissolution its trustees in liquidation, but provides that any creditor or stockholder may apply to its chancery court for the appointment of a receiver to accomplish liquidation in lieu of the trustees. In the instant case, the trustees themselves applied to the chancery court for such receiver and to be relieved of that duty themselves, and that court, upon their application, appointed a receiver to take possession of the assets of the corporation, sell them, and apply the proceeds to the payment of the debts of the corporation, and then to its stockholders. The assets consisted of lands in Texas exclusively. By order of the chancery court the receiver was directed to sell these lands, and the dissolved corporation and its liquidating trustees were directed to convey these lands to the receiver, which they did. It was after these steps had been taken in New Jersey that the plaintiff in this cause filed his suit in the state court of Texas applying for a receivership, which was granted. The case was removed by the then sole defendant, the corporation, to the United States Circuit Court, where the plaintiff filed a substituted bill making the liquidating trustees and the New Jersey receiver parties defendant to it. To this substituted bill a demurrer was interposed and sustained, and the bill dismissed; and it is from the decree of the Circuit Court dismissing the bill and discharging the receivership that the appeal is taken.

The general rule is that the plea of lis pendens is good only when both suits are pending in courts under the same governmental jurisdiction. For this reason, the pendency of a prior suit in a state court will not abate a suit in a federal court, unless there is something in the particular case to except it from the general rule. One recognized exception is thus stated (Gates v. Bucki, 53 Fed. 961–966, 4 C. C. A. 116, 125):

"When, therefore, by the levy of process either mesne or final, or by the beginning of proceedings in rem or quasi in rem, property, either real or personal, has been brought within the control or custody of a court of the one system, such property cannot be subjected to the process, nor be brought within the control, of a court of the other system, and the right which the latter court would otherwise have to seize the property or to found jurisdiction on the possession or control thereof is placed in abeyance, and cannot be exercised until the court having the control and custody of the property parts with the same."

The winding up proceeding in the Chancery Court of New Jersey was a proceeding in rem or quasi in rem as to all the assets of the defunct corporation over which it could exercise jurisdiction, and of which it could take possession through its receiver. If the Texas lands are in this category, then the later Texas suit for the winding up of the Texas affairs of the same corporation cannot be maintained

by plaintiff. Whatever may be the rule in this respect, when the rights of local creditors are involved, a stockholder, though residing in Texas, had no right to claim a separate administration and settlement of the Texas assets and affairs of the defunct corporation, if the laws of the domicile of the corporation provide otherwise. All applicable laws of the state of New Jersey at the time of the organization and dissolution of the defendant corporation became part of its charter, and its stockholders, whether residents or nonresidents of New Jersey, by accepting stock therein, were impliedly bound by such laws as part of the organic law of the corporation of which they were members. The New Jersey laws relating to the dissolution of corporations under which the defendant corporation was being administered were a part of its organic law, and the plaintiff as a member, when he took stock, consented that the corporation in event of its dissolution might be wound up in pursuance of the New Jersey statute. In this particular case the plaintiff has approved the dissolution under the New Jersey law, but is objecting to the method of subsequent administration and settlement. There is thus an express and an implied consent on his part to the dissolution of the corporation according to the New Jersey law. It follows that the plaintiff is not in a position to object to the winding up of the affairs of the corporation pursuant to the New Jersey statute. Republican Mt. Mines v. Brown, 58 Fed. 644, 7 C. C. A. 412, 24 L. R. A. 776; Parsons v. Charter Oak Co. (C. C.) 31 Fed. 305; Fry v. Charter Oak Life Ins. Co. (C. C.) 31 Fed. 197; Southern Building & Loan Ass'n v. Miller, 118 Fed. 369, 55 C. C. A. 195; Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337; Canada Southern Ry. Co. v. Gebhard, 109 U. S. 527, 3 Sup. Ct. 363, 27 L. Ed. 1020; Wabash Railway Co. v. Adelbert College, 208 U. S. 54, 28 Sup. Ct. 182, 52 L. Ed. 379.

If, so far as this plaintiff is to be heard, the New Jersey court had jurisdiction of the Texas assets of the defendant corporation for the purpose of administration, the prior filing of the New Jersey suit, and the taking possession by the New Jersey Chancery Court of the assets of the defendant corporation through the receivership, confer on that court exclusive jurisdiction as against the Texas suit, subsequently instituted, of all the assets of the corporation including its Texas lands. The receiver under the New Jersey statutes is more than an officer of the court appointing him. He is the alternative agency designated by the state statute as trustee to wind up the affairs of the dissolved corporation, whose right each member of the corporation—each stockholder—recognizes by virtue of his membership therein.

[4] The settled rule is that a voluntary conveyance of real estate executed by the owner in a jurisdiction other than that of the situs of real property but in accordance with its formalities will be recognized in the jurisdiction of the situs as sufficient to transmit the title. A conveyance executed by the owner, though under the duress of an order of court requiring the owner, as a party, to do so, is held to be a voluntary conveyance. While a decree or a deed executed by a court officer by its direction is held insufficient to transmit title to real es-

tate situated in a jurisdiction other than that of the forum, yet if the owner himself executes the conveyance, though in obedience to a decree of court, the rule is different. A court of equity in cases of contract, of trust, and of fraud, and possibly to enforce other equities has jurisdiction, when it has the parties before it, acting on their persons, to coerce the execution of a conveyance of lands beyond its jurisdiction. Carpenter v. Strange, 141 U. S. 87, 105, 106, 11 Sup. Ct. 960, 35 L. Ed. 640; Fall v. Eastin, 215 U. S. 1, 9–11, 30 Sup. Ct. 3, 54 L. Ed. 65, 23 L. R. A. (N. S.) 924.

In this case the record shows that a deed was executed to the New Jersey receiver both by the defendant corporation and by its statutory liquidating trustees. It is true that the decree of the Chancery Court directed the corporation and its trustees to execute such a deed, but, in view of the cases cited, the requisite voluntariness exists if the deed was, in fact, executed by the owner in person, though it was executed by the coercion of the court's decree. It is true that when the corporation's deed was executed it had already been dissolved, but its corporate existence was continued by the New Jersey dissolution statute for the purpose of and with the powers necessary for winding up its affairs. The conveyance was made to the receiver for that purpose only. Again, the New Jersey statute created the directors of the dissolved corporation its liquidating trustees. The case of Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337, holds that such statutory trustees are more than ordinary receivers, and are vested with title and jurisdiction to administer all the assets of the corporation whereever situated. The New Jersey statute also provided the alternative remedy of a settlement through a receivership at the instance of a stockholder or creditor. Such a statutory receiver would be more than an ordinary receiver, and would be as much a trustee as the directors themselves. Such a receiver, when substituted for the liquidating directors, at their instance, and when clothed with their title to the corporate assets, by their voluntary deed, would be a voluntary grantee.

[5] The cross-appeal is based on the refusal of the court below to allow counsel fees to the defendant. The action of the court is supported by the cases of Tullock v. Mulvane, 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657, and M., K. & T. R. Co. v. Elliott, 184 U. S. 530, 22 Sup. Ct. 446, 46 L. Ed. 673, and Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43.

The decree appealed from is affirmed on both the appeal and cross-appeal, costs of this court to be divided one-half to the appellant and one-half to the cross-appellants.