### McCONNELL v. HUBBARD et al.

(Circuit Court of Appeals, Second Circuit. March 9, 1921.)

No. 119.

1. **Banks and banking ⟜63½—State statute held not to make superintendent of banks quasi assignee of bank's assets.**

   Laws Tenn. 1913, c. 20, § 10. requiring the chancery court, on taking jurisdiction of any bank, to appoint the state superintendent of banks as receiver to wind up its affairs under the direction of the court, does not vest the title of the bank in the receiver, or make him a quasi assignee of the bank, or anything more than a chancery receiver.

2. **Banks and banking ⟜77(4)—Receiver, who is quasi assignee of bank's assets, may sue anywhere.**

   A receiver of a bank, who is by statute made a quasi assignee of the bank's assets and vested with the title thereto, could sue to recover the assets anywhere.

3. **Banks and banking ⟜63½—Superintendent, appointed chancery receiver of bank, cannot sue outside jurisdiction of the court which appointed him.**

   Where the state superintendent of banks was appointed receiver of a bank by a court of chancery under a state statute, which did not make him a quasi assignee of the bank or vest title to its assets in him, he cannot bring suit outside of the jurisdiction of the court which appointed him.

In Error to the District Court of the United States for the Southern District of New York.

Action by Sidney S. McConnell, receiver of the Mercantile Bank of Memphis, against Walter C. Hubbard and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Barber, Watson & Gibboney, of New York City (Archibald R. Watson, John M. Harrington, and William Leo Mulry, all of New York City, of counsel), for plaintiff in error.

Geller, Rolston & Horan, of New York City (Henry Craft, of Memphis, Tenn., and Edward H. Blanc and George S. Mittendorf, both of New York City, of counsel), for defendants in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. The plaintiff brings this action as receiver of the Mercantile Bank of Memphis. The amendment to the amended complaint describes his appointment as follows:

---

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
272 F.—61

"That on the 31st day of December, 1917, the said Sidney S. McConnell, a citizen of the state of Tennessee, was duly appointed superintendent of banks of the state of Tennessee, and by decree of said chancery court of Shelby county, Tennessee, made pursuant to the laws of the state of Tennessee, and entered on March 4, 1918, in the cause pending in said court referred to in paragraph second of the amended complaint herein, the said Sidney S. McConnell was appointed receiver of the above-mentioned Mercantile Bank of Memphis, and was vested with the title to and given control over all the assets of said Mercantile Bank of Memphis, in the place and stead of the above-mentioned John L. Emerson; the said McConnell being thereby duly authorized and empowered to prosecute all suits necessary to collect such assets, to take the place of said John L. Emerson in any and all actions, transactions, contracts, and obligations entered into or assumed heretofore by him."

The material provisions of the order of the chancery court are as follows:

"This cause came on this day to be heard, and it appearing to the satisfaction of the court that S. S. McConnell has been duly and regularly appointed state bank superintendent for Tennessee, and that said S. S. McConnell has fully qualified himself to act as such under the laws of the state of Tennessee and particularly chapter 20 of the Acts of the Legislature of Tennessee for the year 1913, and that the said McConnell is now regularly so acting, the term of J. L. Emerson having expired some time ago; and the said S. S. McConnell requesting that he be so appointed: Now, therefore, said S. S. McConnell is appointed receiver of the Mercantile Bank in these causes, such appointment being made upon the official bond given by said S. S. McConnell as such bank superintendent. And the said S. S. McConnell, receiver, is now hereby vested with title to and given control over all the assets of the Mercantile Bank, in the place and stead of said J. L. Emerson and the said S. S. McConnell is hereby vested with full power and authority to prosecute all suits necessary to collect and to protect the assets of the Mercantile Bank, and to take the place of J. L. Emerson in any and all actions, transactions, contracts, and obligations begun, entered into or assumed heretofore by him."

The law of Tennessee (section 10, chapter 20, Laws of 1913), requires the chancery court, upon taking jurisdiction of any bank, to appoint the state superintendent of banks as receiver:

"Sec. 10. The chancery court, taking jurisdiction of any bank under the provisions of this act, shall appoint the superintendent of banks as receiver for the said bank under the orders and directions of the court, it being provided that in any case where the powers and duties of the said superintendent as provided in this act are inadequate to discharge the duties and wind up the affairs, the said superintendent shall make application to the court for further authority, as is now provided in the case of receivers. It being further provided that the said superintendent shall receive no other or further compensation for his personal services rendered as such receiver than that provided for in his salary as superintendent. * * *

"Upon taking possession of the property and business of any bank or individual banker, the superintendent is authorized to collect moneys due to such corporation, firm, or individual banker, and to do such other acts as are necessary to conserve its assets and business, and shall proceed to liquidate the affairs thereof as hereinafter provided. The superintendent shall collect all debts due and claims belonging to the bank, and may sell or compound all doubtful debts, and sell all real estate upon such terms as the said chancery court may direct. * * *"

[1-3] This statute does not in our opinion vest the title of the bank in the receiver appointed by the chancery court or make him "a quasi

assignee" or anything more than a chancery receiver. A receiver appointed under such a statute could sue anywhere. Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 555, 51 L. Ed. 1163; Converse v. Hamilton, 224 U. S. 243, 32 Sup. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292. The Minnesota statute considered in these cases made it the duty of the receiver to sue stockholders for assessments, not only in Minnesota, but in any other state. Mr. Justice Van Devanter said in the latter case:

"In Bernheimer v. Converse, 206 U. S. 516, the present receiver sought, by reason of the proceedings in the Minnesota court under chapter 272, to maintain an action in New York against a stockholder residing in that state to enforce one of the assessments before mentioned, and this court sustained the action, saying (page 534) : 'It is objected that the receiver cannot bring this action, and Booth v. Clark, 17 How. 322, Hale v. Allinson, 188 U. S. 56, and Great Western Mining Co. v. Harris, 198 U. S. 561, are cited and relied upon. But in each and all of these cases it was held that a chancery receiver, having no other authority than, that which would arise from his appointment as such, could not maintain an action in another jurisdiction. In this case the statute confers the right upon the receiver, as a quasi assignee, and representative of the creditors. and as such vested with the authority to maintain an action. In such case we think the receiver may sue in a foreign jurisdiction. Rolfe v. Rundle, 103 U. S. 222, 226; Howarth v. Lombard, 175 Mass. 570; Howarth v. Angle, 162 N. Y. 179, 182.'"

See also Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337.

On the other hand, the law is clear that the receiver appointed by a court of equity, as was the receiver in this case, in the absence of such a statute, cannot maintain an action outside of the jurisdiction of the court appointing him. He is an officer of the court appointing him. The case of Booth v. Clark indicates that a receiver, even if given title by the court appointing him, cannot maintain actions in other states. Mr. Justice Wayne said (17 How. at page 330, 15 L. Ed. 164):

"It is true that the receiver in this case is appointed under a statute of the state of New York, but that only makes him an officer of the court for that state. He is a representative of the court, and may by its direction take into his possession every kind of property which may be taken in execution, and also that which is equitable, if of a nature to be reduced into possession. But it is not considered in every case that the right to the possession is transferred by his appointment, for where the property is real, and there are tenants, the court is virtually the landlord, though the tenants may be compelled to attorn to the receiver. Jeremy's Equity Jurisprudence, 249. When appointed, very little discretion is allowed to him, for he must apply to the court for liberty to bring or defend actions, to let the estate, and in most cases to lay out money on repairs, and he may without leave distrain only for rent in arrear short of a year. 6 Ves. 802; 15 Ves. 26; 3 Bro. C. C. 88; 9 Ves. 335; 1 Jac. & W. 178; Morris and Elmo, 1 Ves. 139; Id., 165; Blunt and Clithero, 6 Ves. 799; Hughes and Hughes, 3 Bro. C. C. 87; 5 Madd. 473."

And so the case was understood in Great Western Mining Co. v. Harris, 198 U. S. 561, 576, 25 Sup. Ct. 770, 49 L. Ed. 1163. In the latter case the court says that, if the point had been raised in Great Western Telegraph Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986, the judgment of the court would have been different; that is, the right of the receiver appointed by a court in Illinois to main-

tain an action in Ohio for assessments upon stockholders would have been denied. Mr. Justice Day said:

"There are numerous and conflicting decisions in the state courts as to the rights of a receiver to sue in a foreign jurisdiction upon principles of comity, which it is not necessary to review here. In this court, since the case of Booth v. Clark, supra, we deem the practice to be settled, and to limit a receiver, who derives his authority from his appointment as such, to actions, either in his own name or that of an insolvent corporation, to such as may be authorized within the jurisdiction wherein he was appointed."

The plaintiff points out that the language of section 5234, U. S. Rev. Stat. (Comp. St. § 9821), defining the duties of receivers of national banks, is like the language of section 10 of chapter 20 of the Laws of Tennessee with reference to receivers appointed by the chancery court, and cites Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476, and Bank v. Kennedy, 17 Wall. 19, 21 L. Ed. 554, to show that a receiver appointed by the Tennessee court, just like a receiver appointed by the Comptroller of the Currency, may bring suit anywhere. But receivers of national banks are not appointed by a court whose jurisdiction is limited by geographical lines, but by an executive officer of the United States whose jurisdiction is nation-wide.

Being of opinion that the plaintiff has no authority to maintain this action, the judgment is affirmed.