POST SIGN SERVICE, INC., Plaintiff, *v.* CHARLES ELIOT PERKINS, INC., Defendant.

City Court of New York, New York County, January 30, 1931.

*Hyman B. Schutzer*, for the plaintiff.

*Silver & Hennock*, for the defendant.

RYAN, J. Plaintiff recovered a judgment against the defendant, a corporation created and existing under and by virtue of the laws of the State of New Jersey, which was entered or became final on October 25, 1930. Insolvency proceedings were instituted on October 30, 1930, against the defendant in the Court of Chancery in the State of New Jersey, resulting in the appointment of a receiver of the insolvent corporation, and on November 10, 1930, said receiver was vested permanently with all the powers conferred by the General Corporation Act of that State. Supplementary proceedings were instituted by the judgment creditor in New York county, disclosing a fund on deposit in the Chemical Bank and Trust Company in the name of the judgment debtor, and an order was granted permitting said bank to turn over such fund to the sheriff of the county of New York, which said bank declined to do. A motion was then made by the judgment creditor for an order directing said bank or the judgment debtor to turn over the amount on deposit to the sheriff towards the satisfaction of the judgment, which motion was opposed. Thereafter an order to show cause was obtained by the judgment debtor staying the judgment creditor and the sheriff of the county of New York from any further proceedings pursuant to such judgment or interfering with the assets of said judgment debtor situated in the county of New York. Both motions are now before the court.

After a careful reading of the papers and briefs submitted on this motion and an examination of the authorities, I am of the opinion that the permissive order, dated October 31, 1930, should be vacated, and the motion to direct said bank or judgment debtor to turn over said fund to the sheriff should be denied, and the motion of the judgment, staying the judgment creditor and the sheriff of the county of New York from taking any further proceedings to enforce said judgment, should be granted. The receiver of the judgment debtor corporation was appointed by the Court of Chancery of the State of New Jersey in accordance with the provisions of the General Corporation Act of that State (Revision of 1896), under which act said corporation was formed, and by virtue of such appointment became a statutory receiver. Under the provisions of that act (2 Comp. St. 1910, § 68, p. 1644), he became vested with all the real and personal property of said corporation wheresoever situated, and all its franchises, rights, privileges and effects, and the corporation thereupon became divested of the title thereto. The receiver, therefore, is not a mere equity receiver acting under

the power of the Court of Chancery, but is a statutory receiver or liquidator, clothed with a trust to do and perform certain acts, and all creditors dealing with a foreign corporation have constructive notice of the method of the liquidation of insolvent corporations organized under the act referred to, and are bound to recognize the insolvency proceedings in the foreign State. As was said by the court in *Relfe* v. *Rundle* (103 U. S. 222, 226): "Every corporation necessarily carries its charter wherever it goes, for that is the law of its existence. It may be restricted in the use of some of its powers while doing business away from its corporate home, but every person who deals with it everywhere is bound to take notice of the provisions which have been made in its charter for the management and control of its affairs both in life and after dissolution." And, speaking of such statutory receiver, the court continued: "He was the statutory successor of the corporation for the purpose of winding up its affairs. As such he represents the corporation at all times and places in all matters connected with his trust. He is the trustee of an express trust, with all the rights which properly belong to such a position. He is an officer of the State, and as such represents the State in its sovereignty while performing its public duties connected with the winding up of the affairs of one of its insolvent and dissolved corporations. His authority does not come from the decree of the court, but from the statute. * * * A receiver appointed by a State court has no extra-territorial power; but a corporation is the creature of legislation, and may be endowed with such powers as its creator sees fit to give. Necessarily it must act through agents, and the State which creates it may say who those agents shall be." (*Relfe* v. *Rundle*, 103 U. S. 222, 225.)

Referring to a receiver who functions merely as an officer or agent of the court for the purpose of conserving the assets of the corporation, he is not entitled to recognition in this State as a matter of legal right. A different rule, however, applies where the receiver is created the statutory successor to the assets of the corporation. In the latter case, he succeeds to the title to the corporate assets by the law of the sovereignty which has power to declare who the successor in title shall be. (*Union Guardian Trust Co.* v. *Broadway Nat. Bank & Trust Co.*, 138 Misc. 16, and cases cited.) The question was passed upon in a comparatively recent decision by the Appellate Division. There the court said: "Where a corporation is insolvent and in the hands of a receiver or liquidator appointed in a foreign State it has been repeatedly held that a creditor in this State, whether his claim is reduced to judgment or not, must recognize the insolvency proceedings in the foreign State, and he

can gain no preference over any other creditors of the corporation upon the assets of the insolvent corporation which may be located in this state." (*Mitchell* v. *Banco de Londres y Mexico*, 192 App. Div. 720, 727.)

The General Corporation Act of New Jersey (Revision of 1896 [2 Comp. St. 1910, p. 1592 *et seq.*]) provides the manner of conserving the assets and in general the liquidation of the corporation. In referring to a similar statute, HUBBS, P. J., writing the unanimous opinion of the court in a recent case, said: " Where insolvency proceedings are commenced against such a foreign corporation in the State of its domicile, a court of this State will give effect to the statute under which the corporation was organized as well as to the order appointing a receiver. In such a case the title to the corporate property vests in the receiver by virtue of the statute under which the corporation was organized. The corporation is a creature of the statute, and carries with it into a foreign State in which it does business such provisions of the statute of its domicile and they are enforced under the principles of comity against its creditors in this State. ' Every corporation necessarily carries its charter wherever it goes, for that is the law of its existence.' " (*Ross Lumber Co.* v. *Clark & Son, Inc.*, 211 App. Div. 591, 594.)

Whether or not the corporation had filed a certificate permitting it to do business in this State has no bearing here. Nor can the validity of the insolvency proceedings in the Court of Chancery of New Jersey, by which said corporation was declared insolvent, be questioned on these motions, as urged by counsel for the judgment creditor.

Motions determined as hereinabove indicated. Settle orders on notice.