By the Court.—Freedman, J.
The complaint, as amended, is sufficient, and the amendment was a matter of discretion for the referee. His decision upon this point, having been made in the exercise of proper discretion, will not be interfered with. In the absence of evidence to the contrary, the jurisdiction of this court in the case under consideration will be presumed.
The evidence adduced before the referee was sufficient to authorize him to find that the plaintiff was duly appointed receiver, and that the provisions of section 298 of the Code, relative to the filing and recording of the order of appointment, were sufficiently complied with to enable the plaintiff to maintain the action.
Having been regularly appointed receiver of the property and effects of the judgment debtor, James E. Farrell, and not being restricted by special order of the court, the plaintiff possessed a general power to sue for and collect the debts, demands, &c., &c. of such judgment debtor, in any court possessing otherwise jurisdiction over the subject matter of the action, and therefore had an undoubted right to come into this court.
Nor can I discover that the referee erred in admitting in evidence the private account kept by James E. Farrell, between himself and the defendant. It was kept in one of the books of the defendant, to which the latter always had access, and which, on Farrell’s departure from the hotel, were turned over to defendant’s father. It contained, with one exception, all the debit and credit items between the parties, which are now conceded to have been made on the days of the 'dates of the* entries, as the transactions occurred ; and it was shown that the last statement of the said account was made to the defendant about one month before Farrell left; that the statement was made from this *332 book, and agreed with the entries, and that the defendant never objected to it. It was, therefore, competent evidence, tending, to show the true state of indebtedness between Farrell andx the defendant; and I cannot perceive for what reason the plaintiff should have been required to produce other books and accounts, which had nothing to do with establishing plaintiff’s cause of action. Upon the whole evidence, I think it is clear that the plaintiff sufficiently proved the cause of action set forth in his complaint, and the referee was right in refusing to entertain defendant’s motion for a dismissal of the complaint, upon the ground that there was no legal evidence to sustain the_allegations.
These remarks dispose of all the points raised upon this appeal, with the exception of such as relate to the counter-claim interposed by the defendant in this action. The defendant claims that during the time Farrell had charge of the hotel he had control of the receipts and disbursements of the same ; that the receipts largely exceeded the disbursements; that Farrell must have appropriated a large portion of the receipts to his own use and benefit, amounting to about twelve thousand dollars ; for which sum the appellant claims the referee should have awarded judgment to him. To establish this counter-claim, the defendant, on the trial, produced only a portion of the books and accounts kept by Farrell, although he admitted that there were others, for the non-production of which he failed to give any reason; and although required by notice, served previous to the trial, to produce all books and accounts, he wholly failed to produce the journal, which, according to Farrell’s testimony, contained a perfect record and chain of all his transactions.
The defendant seems to rely principally, first, upon the fact that the partial accounts which he did produce do neither balance nor show any entries of the daily receipts of the bar, which, several years prior thereto, and while the hotel was in the hands of another pro *333 prietor, averaged five hundred and thirty-five dollars' per month during the regular boarding season ; and for which the defendant claims to recover at that rate for several years, without making any allowance or reduction for any falling off during the dull season; and, second, upon a statement alleged to have been made by. Farrell, which, however, is denied by the latter, to the' effect that at the end of the boarding season of 1867, he, Farrell, expected to be able to pay off all the debts of : the hotel; but that-notwithstanding this representation, the debts of the hotel, in October, 1867, amounted to about three thousand dollars. This evidence is clearly insufficiént to establish the serious charge made by the defendant against Farrell. It appears, however, further, that the partial accounts produced by the defendant are also defective in not containing any items for moneys paid out by Farrell in defraying the running expenses of the hotel; that Farrell had the right to use the" receipts for the purchase of goods for the use of the hotel, and that no other funds were ever furnished to him for that purpose, and that defendant’s father-in-law and the family of the latter were supported by Farrell out of the proceeds of the hotel during the whole period of Farrell’s employment, without Farrell receiving any pay or service therefor. According to defendant’s own testimony, he sat down with Farrell every gunday, talked the receipts of the hotel over with him,- and the books were there. Farrell testified that when he left tíre hotel he left all the books" there, and that these books, if produced in full, will give a correct statement of what was done with all the moneys received by him while in charge of the hotel; that the defendant had never accused him of being dishonest, and had never claimed to have any demand against him until' he, the defendant, interposed his answer in this action; but that, on the contrary, the defendant, at a meeting of the creditors of the hotel, held in October, 1867, admitted. Farrell’s claim to be just and unpaid; *334 and upon this point Farrell is corroborated by two disinterested witnesses.- Under these circumstances, the referee was fully justified in finding that the defendant’s allegations to the effect that the receipts exceeded the disbursements, and that Farrell appropriated to his own use any sum whatever belonging to the defendant, had not been proven. The referee also found that Farrell received the sums of money charged in the defendant’s bill of particulars, and that said sums of money were paid out by him in the business of the defendant, and for defendant’s benefit. So exception has been taken to this finding, and it is therefore unnecessary to inquire into the sufficiency of the evidence adduced in support of it.
1 In my opinion, no error has been committed by the referee upon the trial of this action, and the judgment appealed from should be affirmed with costs.