In re BAKER.

BAKER v. SHOUN.

(Circuit Court of Appeals, Sixth Circuit. July 10, 1926.)

No. 4587.

**1. Bankruptcy ⬤⟏143(9).**

Assignments to bankrupt before insolvency of expectant interest in estate of living person did not create such property rights as would pass to trustee in bankruptcy.

**2. Bankruptcy ⬤⟏143(9).**

As an expectancy in estate of living person is not property interest which passes to trustee, directly or indirectly, it cannot become such by death of such person after bankruptcy.

Appeal from the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

In the matter of the bankruptcy of Robert R. Baker. Petition by Guy H. Shoun, trustee in bankruptcy, asking that his title as to expectant interest of bankrupt be confirmed. From a decree confirming title in trustee, bankrupt appeals. Reversed, and petition dismissed.

The mother of Baker, a voluntary bankrupt, owned a valuable farm. The bankrupt had six brothers and sisters, each entitled to an expectancy of a one-seventh interest in the farm. Several years before he had purchased from two of his brothers their respective expectancies, each being a one-seventh interest. These had been conveyed to him by deeds granting "my expectant interest in the estate of my mother, and especially the interest that I may have in and to the real estate owned by my said mother at the time of her death, consisting of," etc. There is a covenant "that I am lawfully seized of an expectant interest in such tracts of land, have a good right to convey said interest and that the same is unincumbered." There is a further covenant "to warrant and defend the title to such expectant interest." The consideration of each deed was $5,000,

to be paid in installments according to notes given. The mother died six days after the adjudication. The trustee filed a petition asking that his title as to this two-sevenths interest be confirmed, alleging that with these interests the estate was solvent, but without them it had only trifling assets. The court held that the two-sevenths interest was such property as passed to the trustees in bankruptcy, and it confirmed his title thereto.

J. E. Biddle, of Greeneville, Tenn., for appellant.

Fred H. Parvin, of Greeneville, Tenn. (Susong, Susong & Parvin, of Greeneville, Tenn., on the brief), for appellee.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). So far as counsel inform us or we can learn, the case is one of first impression.[1] It is clear that the bankrupt's own expectancy at the date of adjudication, and which matured into a title so soon thereafter, was not property which became involved in the bankruptcy. It is clear, also, that under the laws of Tennessee these conveyances of two of his brothers' expectancies to him were valid contracts, and upon the mother's death, while still owning the property, could have been enforced in equity, even if the deeds by their covenants of warranty did not sufficiently operate to convey title. Upon the one side it is now argued that a mere expectancy, which, under the Bankruptcy Law is not property if it is the bankrupt's own expectancy, does not become property if his interest comes through a conveyance from another expectant heir; and on the other side it is said that the grantee's rights existing under the deed are contract rights, and are property, which will pass to the trustee.

[1] The former appeals to us as the sounder view. A right which will pass to a trustee cannot be created by assigning a right which will not pass. Confusion will result, unless rights are determined by the situation existing on the day of the petition in bankruptcy. Clearly on this day the existence of anything substantial to accrue under these conveyances depended upon the mere wish of the mother. If she had not already made a deed or a will, she could do so at any moment, and the subject-matter of these expectancies would dissolve into nothing. If, in this kind

---

[1] Cases where the bankrupt had an interest which creditors could seize, at law or in equity, are not applicable.

of· case, the ancestor lives, and the matter remains at large until the bankruptcy estate is closed and the bankrupt discharged, there . can be no intelligent settling of the estate. It is not conceivable that these contract interests could be sold to strangers for any price; and though in this instance the brothers might have been willing to pay to get their expectancies back, yet the legal rule can hardly depend upon whether the personal relations between the ancestor and the heirs expectant happen to be such that they have confidence that the ancestor will make no inconsistent disposition. .

Nor can it be of controlling importance that the ancestor is, at the day of bankruptcy, of an age and condition of health indicating short prospect of life. That is only fortuitous. The extreme case of that class would be where the ancestor was, at the time of the bankruptcy, mentally incompetent; but even then there might be mental recovery, followed by transfer, before death, or there might have been a will or conveyance before incompetency.

[2] To the contention that, since the bankrupt had, under the deeds, interests which he could sell if he could find a purchaser, and hence that the trustee would have this same right of sale, it may be replied that the same thing could be said· of the bankrupt's own expectancy; but there this result is not claimed. The principle must be that, at the date of the bankruptcy, an expectancy is not a property interest which passes to the trustee, directly or indirectly, and that it cannot change its character and become a substantial interest by something which happens after the bankruptcy.

It is the theory of the Bankruptcy Act (Comp. St. §§ 9585–9656) that it takes the property of the bankrupt at that day, but leaves to him future prospects and rights which materialize at a future day. Some such contingent future rights are definite enough to have a present worth, and have been so recognized by express provisions of the law; there is no such recognition as to an expectancy, and it cannot, in our judgment, be worked out by· indirection.

Whether under. the Tennessee laws the creditors in these two deeds have any vendor's lien for the unpaid purchase price, and whether their debts therefor would be discharged by the bankruptcy, are questions not raised by the record.

The decree and order below must be reversed, with costs, and an order be entered, dismissing the petition of the trustee.