In re MARTIN.

RENNYSON v. DUNSCOMBE et al.

No. 5641.

Circuit Court of Appeals, Sixth Circuit.

March 5, 1931.

S. P. Walker, of Memphis, Tenn. (W. J. Gex, of Bay St. Louis, Miss., and C. L. Johnson, of New Orleans, La., on the brief), for appellant.

John VorderBruegge, of Memphis, Tenn. (T. K. Riddick, G. T. Fitzhugh, Charles M. Bryan, David N. Harsh, W. D. Kyser, and J. S. Allen, all of Memphis, Tenn., on the brief), for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

William H. Wood died in 1888, leaving two daughters, Benigna D. Martin and Mary D. Hill. By his will he created two trust estates, one consisting of his "general estate," and the other of his residence at 110 Madison street, Memphis, known as "the home place." These estates he bequeathed and devised to three testamentary trustees to manage, control, hold, and dispose of in the execution of the trusts which he created.

The terms of the trust as to the residence or "home place" provided that it should be used as a home for the testator's wife and his daughter, Benigna D. Martin, jointly, so long as they both should live, and as the home of the survivor of them so long as she should live. It was also to be used as a home for the husband of Benigna Martin so long as he should live, should she leave a husband surviving her, and should the testator's wife have previously died. Subject to these interests and uses, it was provided that the trust should be for the benefit of the "children and descendants" of Benigna Martin, "with remainder in fee" to vest in them, discharged of the trust when her youngest surviving child should attain the age of 21 years; that the property, "at the time so fixed for the vesting of the fee, shall belong absolutely to the children then surviving, and the descendants of any that may have died, as tenants in common, such descendants of deceased children taking what would have been the deceased parents' share."

The title to the general estate was also vested in the trustees under the will. The terms of the trust as to that estate provided that the residue of the annual net income from the estate, after the payment of certain annuities not here important, should be paid by the trustees in equal moieties to the testator's daughters, Benigna Martin and Mary D. Hill; that, when and as the daughters should die, their respective moieties should "at once and thenceforth be paid to their respective children, or descendants, or their guardians if they shall be minors, in equal proportions, the descendants of a deceased child to take the parents' share"; and that, "when either of my said daughters shall die, if her yougest surviving child shall then have attained the age of 21 years, or when such youngest surviving child shall, after such daughter's death, attain the age of 21 years, the trust shall at once cease and end as to one-half of the trust estate, and such half shall vest at once in fee, discharged of the trust, in the children and descendants of such daughter so dying, in equal proportions, the descendants of a deceased child taking the deceased parent's shares and the said trustees shall thereupon make partition and by proper conveyances and all necessary legal proceedings carry such vestiture, in fee, and discharge of the trust, into full effect."

Mrs. Hill died several years before Mrs. Martin, and the trustees thereupon divided the general trust estate into two equal parts, vesting one-half thereof in the children of Mrs. Hill, and retaining the other half, the property involved in this litigation, to be administered under the trust provisions of the will. Benigna Martin died on March 1, 1929; her youngest surviving child having attained

the age of 21 years. Before her death, Fontaine Martin, her son, was adjudged a bankrupt. In his schedule of assets he failed to list any interest in the property devised under his grandfather's will. This suit was brought by his trustee to recover an undivided interest in that part of the property remaining in the trust at his mother's death; it being the contention of the trustee that Martin took a vested interest in remainder in both the "home place" and general estate upon the death of his grandfather, and that, upon Martin's adjudication in bankruptcy that interest passed to his trustee for the benefit of his creditors. The lower court dismissed the bill.

■■ The character of the interest that Martin took under the will—whether vested or contingent, and therefore whether transmissible or subject to legal process for debt at the date of adjudication—is a question that must be determined according to the laws of Tennessee. Spindle v. Shreve, 111 U. S. 542, 4 S. Ct. 522, 28 L. Ed. 512. It is settled by the decisions of this and other courts that, where at the time of adjudication the remainder is contingent as to the persons who are to take, there is no vesting of interest in the trustee under section 70a(5) of the Bankruptcy Act (11 USCA § 110(a) (5)). In re Wetmore (C. C. A.) 108 F. 520; Hogan v. Fauerbach Brewing Co. (C. C. A.) 194 F. 846; Suskin & Berry v. Rumley (C. C. A.) 37 F.(2d) 304, 68 A. L. R. 768; Baker v. Shoun, 13 F.(2d) 707 (6 C. C. A.). The law of Tennessee, it is true, favors the vesting of estates at the earliest possible moment; but it is also the rule in that state that, where a devise in remainder is made to a class of persons subject to fluctuation in personnel in consequence of future births and deaths, and the time for enjoyment or division is fixed upon the happening of a future event, the interest does not vest until the happening of the event, and then in such persons only as at that time come within the description of the persons constituting the class. . Sanders v. Byrom, 112 Tenn. 472, 79 S. W. 1028; Tate v. Tate, 126 Tenn. 169, 148 S. W. 1042. Accordingly, if by the express provisions of a will the persons to whom the remainder is limited are not ascertained, as in the case of devise to A for life, the remainder to the children and descendants of A then living, the remainder, pending the life estate, vests in the described class, as a class, and not in the individuals comprising the class. Satterfield v. Mayes, 11 Humph. (Tenn.) 58; Nichols v. Guthrie, 109 Tenn. 535, 73 S. W. 107. So it has been held that, until the preceding estate terminates, a member of such

unascertained class takes only a contingent remainder, which is neither transmissible nor subject to execution, though it may be the subject of an estoppel by contract. Scruggs v. Mayberry, 135 Tenn. 586, 188 S. W. 207; Rinks v. Gordon, 160 Tenn. 345, 24 S.W.(2d) 896.

These rules of construction which the Tennessee courts have adopted and applied in many cases have given rise to what is known in that state as the "class doctrine." It is in reality a legal presumption as to the testator's intention arising from certain terms of the will, nothing to the contrary being expressed. In the present case, however, it is not necessary to resort to presumptions, for it is clear that what the testator intended to do was to create an active trust, vest the legal title to the trust property in trustees to carry out the purposes of the trust, designate the contingencies upon which the trust should terminate, and provide that, upon the happening of those contingencies, the title to the trust property should vest in persons in esse of a designated class. He devised the remainder of the corpus of both the general estate and the home place to dubious and uncertain persons, who could be ascertained only upon the termination of the trust. As to the home place, it was provided that certain persons, among them Benigna Martin, should have the use of the property for life, and that the "remainder in fee" should vest in the "children and descendants" of Benigna Martin when "the youngest surviving child of my said daughter Benigna shall attain the age of twenty-one years." The intent of the testator, as plainly implied in this provision, was, it seems to us, that the remainder should not vest until the primary purpose to which the property was to be devoted had been accomplished, that is, until it was no longer needed or used as a home for his wife or daughter or his daughter's husband. Furthermore, the will provided that, at the time "so fixed for the vesting of the fee," the property should belong to the children of Benigna Martin then surviving, and the descendants of any that may have died. Clearly this meant those of the class living when Benigna Martin's youngest child should attain 21 years of age if Benigna Martin and the other life beneficiaries were then deceased. As to the general estate, the will provided that, when either of his daughters should die, if her youngest surviving child should then be 21 years of age, the trust should cease as to one-half of the trust estate, and "such half shall vest at once in fee, discharged of the trust" in the chil-

dren or descendants of such daughter. The vesting was to occur when the daughter died if her youngest surviving child was 21 years of age, and, when it did occur, the descendants of any deceased child were to take the share the deceased parent would have taken had be been living. The fact that provision was made for the descendants of deceased children means and could only mean that the testator intended that in no event should the remainder vest until the daughter's death. Fulkerson v. Bullard, 35 Tenn. (3 Sneed) 260. There is nothing in the will indicating a purpose to vest a separate or severable interest in remainder in either of the trust estates in any individual as of the date of the testator's death, and consequently nothing to show an intent to take the devises out of the class doctrine of the state.

It is suggested by appellant that the provisions directing the trustees to make payments from the income of the trust property to the children of the testator's daughters under certain conditions are the equivalent of devises of the property itself. Davis v. Williams, 85 Tenn. 646, 4 S. W. 8, is cited in support of this contention. In that case it was held. that upon the accomplishment of the purposes of the trust the estate of the trustees terminated, and, as there was no limitation on the devise of rents and profits to the grandchildren, they took an estate in fee. The case is plainly distinguishable. We are not dealing here with an unlimited devise of rents and profits, nor with a devise which may "violate the rule against perpetuities," but with a will which has a clearly expressed purpose that may be carried out by the trustees within the law. It is a will that created trusts that remained active in all events until the death of Benigna Martin. Jourolmon v. Massengill, 86 Tenn. 81, 5 S. W. 719. The direction to the trustees to pay a small part of the income from the trust property to one or two grandchildren for a limited period obviously was not a devise of any part of the corpus. The corpus was to be held for certain purposes until a time fixed by the testator, when it was to be divided among a class which he designated. That class consisted of the children and descendants of his daughter living at the time fixed for distribution. Until the daughter died, no transferable interest vested in her children, and, Fontaine Martin's bankruptcy having occurred before her death, none passed to his trustee. Baker v. Shoun, supra.

The decree is affirmed.