In the Matter of Supplementary Proceedings: ALCHAR REALTY CORP., Judgment Creditor, Respondent, v. MEREDITH RESTAURANT, INC., Judgment Debtor. JACOB WALD, Assignee, Appellant; MORRIS S. TREMAINE, Comptroller, Respondent.— Appeal from an order of the Albany Special Term, entered July 29, 1938. The Meredith Restaurant, Inc., was the holder of a liquor tax license, and became indebted to the Alchar Realty Corp. for a sum in excess of $3,400 for rent, and vacated the premises on February 1, 1938, after summary proceedings had been instituted. Jacob Wald alleges that he loaned $200 to the Meredith Restaurant,

Inc., on February second; that on February fourth the restaurant assigned to him the proceeds of the liquor license, when it should be surrendered; that he advanced $300 more on February seventh, and $350 on February fourteenth. His assignment was filed with the Comptroller on February ninth, and on February tenth its judgment was recovered by the realty corporation against the Meredith Restaurant, Inc. In March, 1938, the restaurant filed application to recover the refund, and asked to have it paid to its president, Joseph Rosenblum. After examining the president of the Meredith Restaurant, Inc., and on April 6, 1938, the Comptroller was enjoined from paying the money to Wald or Rosenblum. At the time the assignment was made the license had not been surrendered, and nothing was due to the assignor. The assignment did not pass title to the proceeds when they became payable, but at most created an equitable lien between the parties thereto. And any rights or title acquired thereunder were equitable only, and could be enforced only in an action in equity in which the title to property could be tried. (*Field* v. *Mayor*, 6 N. Y. 179, 186, 187; *McCaffrey* v. *Woodin*, 65 id. 459, 463, 464; *Hovey* v. *Elliott*, 118 id. 124, 135, 136, 137; *Matter of Black*, 138 App. Div. 562, 564, 565.) Order affirmed, with fifty dollars costs and disbursements to the respondent, Alchar Realty Corp. Rhodes, McNamee, Crapser and Heffernan, JJ., concur; Hill, P. J., concurs in the decision denying the motion to set aside the subpœna but dissents from the portion of the order that directs the payment by the Comptroller to the judgment creditor.