In the Matter of Supplementary Proceedings: F. & M. SCHAEFER BREWING COMPANY, Judgment Creditor, *v.* AMSTERDAM TAVERN, INC., Judgment Debtor.

Supreme Court, Special Term, Albany County, May 22, 1939.

*Arthur J. Harvey*, for Scott K. Gray, Jr., receiver for the judgment creditor.

*Hirschfeld, Ellenbogen & Ellenbogen*, for the Empire Liquor Corporation and Thomas J. Molloy & Co., Inc.

*Meyer Jeneroff*, for Edward Boker, Inc.

*Harry J. Sokolow*, for Yorel Foods, Inc.

*Sigmund Eisenstein*, for the Square Deal Coat, Apron & Linen Supply Co., Inc.

*Goldstein & Goldstein*, for Tony Chapas.

BERGAN, J. An assignment of a claim not in existence is valid and enforcible in equity as between assignor and assignee. (Pers. Prop. Law, § 41.) It cannot operate to affect adversely the interests of creditors. (*Zartman* v. *First Nat. Bank*, 189 N. Y. 267; *Titusville Iron Co.* v. *City of New York*, 207 id. 203; *Rochester Distilling Co.* v. *Rasey*, 142 id. 570.) In the *Titusville* case Chief Judge CULLEN pointed out, with respect to contracts pledging subsequently acquired property, that the equitable lien thus acquired " will not be enforced against creditors." In the *Zartman* case Judge VANN wrote (p. 272): " the. agreement and intention of the parties to a mortgage upon property not yet in existence will be given effect by a court of equity as far as practicable, provided no interest is affected except that of the mortgagor and mortgagee, who entered into the stipulation, but equity closes its doors and refuses relief if the interests of creditors are involved." The principles applicable to mortgages and pledges of property acquired in the future are fully applicable to assignments of such property. Here the assignment of the liquor refund was executed January 24, 1938, at a

time when no right to such refund existed in the assignor and prior to the time when the application was delivered to the State Liquor Authority. The rights of the assignee are subordinate to the rights of attaching creditors. (See, also, *Alchar Realty Corp.* v. *Meredith Restaurant*, 256 App. Div. 853.)

If, as Judge VANN pointed out in the *Zartman* case, a court of equity would decline to enforce the rights of the equitable assignee against creditors of the assignor, it is not apparent what purpose would be served by the prosecution of a suit in equity by the assignee. He would be confronted in such a suit with the same situation that here confronts him — the superior rights of creditors to the assigned fund. The only issue that would be triable would be the validity of the claims of creditors. Here those whose rights are before the court have been reduced to judgments against the assignor and there is no suggestion in the papers that they are collusive. The court in equity would be required, upon a plenary suit, to distribute the fund as far as it would go, among the creditors in the order of the institution of proceedings under their several judgments. Moreover, the assignee was advised on March 23, 1938, that the assignment would not be honored by the Liquor Authority, and no plenary action in equity has been instituted.

The report of the receiver should be confirmed and the order of distribution recommended by him substantially adopted. There is in the hands of the receiver $785. The total fees and disbursements for himself and his attorney, asked in the application, are $308.64. This is about forty per cent of the entire fund and is too heavy a burden to be placed on a fund of this size, where all of the judgment creditors cannot be paid. It would allow only a small part of the Yorel claim to be paid. The receiver and his attorney are each allowed $75 and an additional sum of $33.64 for disbursements. The application of the attorneys for Molloy and Empire Liquor Corporation for an allowance of $30 costs in each of the two supplementary proceedings is denied. Distribution should be made in the order of service of the subpœna on the Comptroller. This will mean that the Molloy, Empire and Boker claims will be paid in full. The papers do not clearly indicate whether the Yorel or Schaefer subpœna was served first on March 4, 1938. Whichever was served first is entitled to payment first. If this is not ascertainable, or if they were served simultaneously, the balance left after paying the Boker claim should be prorated. This conclusion having been reached, the motion of the Square Deal Company to extend the receivership as to it is denied.