## In re BARNETT.

### No. B39579.

District Court, E. D. New York.

Feb. 20, 1941.

Louis P. Rosenberg, of Brooklyn, N. Y., for trustee.

Abraham R. Kartzman, of Brooklyn, N. Y., for bankrupt.

Eugene F. O'Connor, Jr., of Brooklyn, N. Y., referee.

GALSTON, District Judge.

The trustee in bankruptcy, in a proceeding before the referee, sought an order directing the bankrupt to execute an instrument assigning to the trustee all her interest and right under the last will and testament of Isidor Essenfeld, and free and clear from any right that the respondent, Clara Essenfeld, has, by virtue of a certain assignment from the bankrupt to her dated March 2, 1936. The referee denied the trustee's application. In his decision he held that assignment valid both as to the creditors and the trustee, citing In re Robert R. Baker, 6 Cir., 13 F.2d 707.

The facts are not in dispute. A voluntary petition in bankruptcy was filed on August 26, 1940. The bankrupt's father, Isidor Essenfeld, died on August 27, 1940. He had made a will bearing date April 24, 1935, which was admitted to probate in the Surrogate's Court of Kings County on September 24, 1940. A provision in the will bequeathed to the bankrupt 15 per cent of the father's residuary estate not to exceed the sum of $10,000. On March 2, 1936, the bankrupt had executed the instrument here-

inbefore referred to. In consideration of the sum of $5,000 paid by Isidor Essenfeld she assigned to Clara Essenfeld all of her right, title and interest that she then had or might hereafter have "in and to any annuity, bequest, gift, legacy * * * or residuary estate, that may be provided for or contained in any will * * * of Isidor Essenfeld * * * that may be admitted to probate at his death, together with all of the right, title and interest that I may hereafter have in and to the estate, whether real, personal, or mixed, of which the said Isidor Essenfeld may die seized * * *". The instrument of assignment appointed Clara Essenfeld as her attorney in fact for the purpose stated in the assignment. At the time of execution of the assignment the bankrupt received two checks aggregating $5,000, both dated March 2, 1936, as the consideration recited in the assignment.

The trustee contends that the instrument is invalid because the bankrupt attempted to assign something which she had not yet acquired and which was not even in existence; and that at least the assignment is ineffectual and void as against the trustee in bankruptcy. Under the law of the State of New York as interpreted by the state courts it is held that though at common law mere expectancy or chance of succession of an heir is not assignable, nevertheless such assignments are enforced in equity, Field v. City of New York, 6 N.Y. 179, 57 Am.Dec. 435; but they cannot operate to affect adversely the interests of creditors. F. & M. Schaefer Brewing Company v. Amsterdam Tavern, 171 Misc. 352, 12 N.Y.S.2d 701; Titusville Iron Co. v. City of New York, 207 N.Y. 203, 100 N.E. 806; Zartman v. First National Bank, 189 N.Y. 267, 82 N.E. 127, 12 L.R.A., N.S., 1083; Rochester Distilling Co. v. Rasey, 142 N.Y. 570, 37 N.E. 632, 40 Am.St.Rep. 635.

In this circuit, consideration of the effect of such an equitable lien in its relation to the Bankruptcy Act was given in Irving Trust Co. v. Commercial Factors Corporation, 2 Cir., 68 F.2d 864, 868. The question there presented was not quite that of the instant case but the opinion nevertheless is helpful. In that case it was argued that a certain factoring agreement made by the bankrupt with its factors created an equitable lien on certain merchandise, and that the taking of actual possession of the goods some time after the making of the agreement related back to the date of the agree-

ment, which was more than four months before bankruptcy. Judge Swan wrote that the question must be determined by New York Law and said: "With respect to a mortgage of after-acquired property, it is settled that while the mortgage will create an equitable lien upon the property, when it comes into existence, as against simple creditors or purchasers with notice, it will not prevail against the legal lien of an attaching or execution creditor, Rochester Distilling Co. v. Rasey, 142 N.Y. 570, 37 N.E. 632, 40 Am.St.Rep. 635; nor as against a trustee in bankruptcy, Zartman v. First National Bank, 189 N.Y. 267, 82 N.E. 127, 12 L.R.A. (N.S.) 1083. In the latter case the mortgagee had taken possession, but this did not save him since it occurred after the mortgagor's insolvency and within four months of bankruptcy. See, also, Corney v. Saltzman, 22 F.(2d) 268 (C.C.A. 2). It would seem that the New York rule is the same as to an agreement to pledge after-acquired property. Mathews v. Hardt, 79 App.Div. 570, 80 N.Y.S. 462; see, also, Titusville Iron Co. v. City of New York, 207 N.Y. 203, 209, 100 N.E. 806; Diana Paper Co. v. Wheeler-Green Elec. Co., 228 App.Div. 577, 240 N.Y.S. 108, 109."

It is, of course, true that the assignment in the instant case was not a mortgage attempting to create a lien on after-acquired property; but in Titusville Iron Co. v. City of New York, 207 N.Y. 203, 100 N.E. 806, no distinction in that respect was indicated between mortgages and other contracts pledging subsequently-acquired property. See, also, in re Friedman, 2 Cir., 72 F.2d 412; Okin v. Isaac Goldman Co., 2 Cir., 79 F.2d 317.

But the case here is even stronger against the assignee because of a provision of the Chandler Act, Title 11, U.S.C.A. § 110, sub. a(8), which recites: "All property which vests in the bankrupt within six months after bankruptcy by bequest, devise, or inheritance shall vest in the trustee and his successor and successors, if any, upon his or their appointment and qualification, as of the date when it vested in the bankrupt, and shall be free and discharged from any transfer made or suffered by the bankrupt after bankruptcy."

The bankrupt's interest under the will of her father until he died remained only an expectancy. Had there been no bankruptcy or creditor interest, of course, there is no doubt that as between the bankrupt and her assignee, the assignee would

have succeeded to the assignor's interest in her father's estate; but by virtue of the amendment to the Bankruptcy Act just quoted, effective September 22, 1938, it was not the assignee of the bankrupt but her trustee who succeeded to her vested interest. In re Baker, 6 Cir., 13 F.2d 707, 708, on which the bankrupt relies, was decided in 1926 before the amendment of the Bankruptcy Act, but even in the circumstances does not support the assignee's position. In that case the bankrupt had six brothers and sisters each entitled to an expectancy of a one-seventh interest ·in the mother's farm. Some years before the mother died the bankrupt had purchased from two of his brothers their respective expectancies, each of a one-seventh interest. The consideration for each deed of the one-seventh interest was $5,000, paid in installments according to notes given. The bankrupt's mother died six days after the adjudication in bankruptcy. The trustee filed a petition asking that the bankrupt's title as to the two one-sevenths interest be confirmed. Judge Denison, who wrote for the court, said that it was clear that the bankrupt's own expectancy at the date of adjudication, which matured into a title soon thereafter, was not property which became involved in the bankruptcy. He added: "The principle must be that, at the date of the bankruptcy, an expectancy is not a property interest which passes to the trustee, directly or indirectly, and that it cannot change its character and become a substantial interest by something which happens after the bankruptcy."

He said that it was the theory of the Bankruptcy Act (before amendment in 1938) that it takes the property of the bankrupt at the time of adjudication but leaves to him future prospects and rights. While admitting that some contingent future rights are definite enough to have a present worth, he added: "There is no such recognition as to an expectancy, and it cannot, in our judgment, be worked out by indirection."

He concluded that the assignments to the bankrupt before insolvency of an expectant interest did not pass to the trustee in bankruptcy. The only difference between the case at bar and the Baker case is that in the former the assignment of the expectancy was to the bankrupt, whereas in this case the assignment was by the bankrupt. In the Baker case it was held that what the bankrupt acquired did not pass or vest until after the death of his mother. So in the present case, nothing vested until after the death of the bankrupt's father; and because as the law stood at the time of the adjudication in the Baker case, the title vested in the bankrupt, so in the instant case, because of the amendment to the law, the expectancy which the assignee purchased must be held to be junior to the intervening right of the trustee.

Accordingly, the order of the referee is reversed. Settle order on notice.