MAX M. HIRSON, as Receiver of TOBACCO PRODUCTS CORPORATION OF DELAWARE, Respondent, *v.* UNITED STORES CORPORATION (a Delaware Corporation), EUGENE W. STETSON, GEORGE WATTLEY, WILBUR L. CUMMINGS and JOHN FOSTER DULLES, Appellants, Impleaded with GEORGE K. MORROW and Others, Defendants.

First Department, April 10, 1942.

William Piel, Jr., of counsel [*Inzer B. Wyatt* and *Roy H. Steyer* with him on the brief; *Sullivan & Cromwell*, attorneys], for the appellants United Stores Corporation, George Wattley, Eugene W. Stetson and John Foster Dulles.

*Meyer Kraushaar* of counsel; coattorney [*Milton C. Weisman* with him on the brief; *Weisman, Celler, Quinn, Allan & Spett*, attorneys], for the respondent.

CALLAHAN, J. On July 29, 1940, the plaintiff herein was appointed permanent receiver of the New York assets of Tobacco Products Corporation of Delaware, in an action brought for that purpose in the Supreme Court, New York County, pursuant to the provisions of section 977-b of the Civil Practice Act. In that action William W. Cohen and others were plaintiffs, and Tobacco Products Corporation of Delaware and others were defendants. Having qualified as receiver, plaintiff brought this action for an accounting against United Stores Corporation, the majority stockholder of Tobacco Products Corporation of Delaware, and against the directors of the latter corporation, alleging waste of corporate assets. This action, therefore, is not one brought derivately by a stockholder, but by a receiver on behalf of the corporation alleged to have been injured. Under the circumstances, plaintiff's right to sue depends on his title, as legal successor of the corporation, to the choses in action which he asserts.

Defendants herein dispute such title, and have moved to dismiss the action for lack of plaintiff's legal capacity to sue. In addition, they have asserted that the receiver's appointment was null and void.

Upon the motion to dismiss, defendants showed that prior to plaintiff's appointment by the New York courts, and in October, 1939, one Elwyn Evans had been appointed receiver of all of the property of Tobacco Products Corporation of Delaware by a decree

of the Delaware courts in proceedings instituted in that State for the dissolution of the corporation.

Defendants contend that the Delaware receiver, by force of Delaware statutes, has title as a statutory receiver to the choses in action asserted by plaintiff. They further contend that the title of the Delaware receiver must be afforded full faith and credit by the courts of this State as a public act or judicial proceeding of a sister State. (U. S. Const. art. 4, § 1.)

The applicable Delaware statutes are chapter 65, section 43, and chapter 117, section 42, of the Delaware Revised Code.

The first of these statutes (chap. 65, § 43) provides that when any corporation is dissolved, the Court of Chancery on the application of any stockholder may appoint one or more persons to be receivers. It enumerates the powers of such a receiver, and provides among other things that such officer is to take charge of the estate and effects of the said dissolved corporation and to collect the debts and property due and belonging to it, with power to prosecute and defend in the name of the dissolved corporation, or otherwise, such suits as may be necessary or proper for the purposes aforesaid.

The second statute referred to (chap. 117, § 42) relates to powers of receivers of corporations when appointed by a court of chancery, and contains additional provisions with respect to the vesting of title to corporate property in any such receiver.

Plaintiff attempts to meet defendants' claim concerning title on three grounds: *First*, he contends that section 977-b of our Civil Practice Act vests title in the plaintiff, and that this action does not violate the requirement that full faith and credit be afforded to the Delaware receiver's title. *Secondly*, he asserts that the Delaware receiver has abandoned the choses in action sued on, and *thirdly*, he claims that the Delaware decree appointing the receiver in dissolution was procured by fraud, and, for this reason, is not entitled to full faith and credit.

Affidavits were submitted by both sides on the motion to dismiss. We find no substantial dispute as to the facts.

While the question of Delaware law is ordinarily a question of fact, here it depends entirely on the construction to be given to Delaware statutes. Neither side claims that any interpretative decisions of the Delaware courts exist. Under the circumstances the question of construction of the foreign statute may be determined by our own examination of its provisions. (*People* v. *Daiboch*, 265 N. Y. 125; *Fitzpatrick* v. *International R. Co.*, 252 id. 127.) Upon such examination we find that under the Delaware law the receiver appointed in dissolution proceedings is a statutory

receiver, who is, in effect, the official liquidator of the corporation, and not a mere chancery receiver. As such liquidator he would seem to have title to the causes of action alleged in the complaint, as a consequence of his succession established for the corporation by the law of its creator. (*Relfe* v. *Rundle*, 103 U. S. 222; *Clark* v. *Williard*, 292 id. 112.)

As the Delaware receiver's title flowed from the statutes of that State and not merely from a decree in chancery of the Delaware courts, such title must be afforded full faith and credit as an attribute of a public act or judicial proceeding of a sister State. (*Relfe* v. *Rundle, supra; Converse* v. *Hamilton*, 224 U. S. 243; *Clark* v. *Williard, supra; Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183.)

We must, therefore, determine whether, within constitutional limitations, section 977-b of our Civil Practice Act creates a local policy which would entitle plaintiff to bring the present suit, though it be in derogation of the claim of the Delaware receiver. (See *Fischer* v. *American United Life Ins. Co.*, 314 U. S. 549; 62 Sup. Ct. Rep. 380.)

Our statute (Civ. Prac. Act, § 977-b) authorizes the appointment of a receiver when a foreign corporation has been dissolved, liquiquated or nationalized, and has assets or property of any kind within this State. Subdivision 19 of that section provides, among other things, that title to all choses in action, property of every kind, tangible or intangible, which the dissolved corporation owned, is vested in the receiver appointed under this section. The provisions are made applicable to all litigation brought by, or on behalf of, the corporation. Any receiver appointed pursuant to this section may be substituted for the corporation in any action pending in this State to which the corporation was a party. The section also provides that the dissolution of the corporation in the country of its domicile has no extraterritorial effect or validity as to property or choses in action within this State, or any debts or obligations owing to such corporation from persons residing or doing business within this State.

This statute (which was enacted in 1936) is broad enough on its face to include dissolved corporations incorporated in another State of the United States, as well as those incorporated in foreign countries.

Upon a cursory reading it may appear to grant to a New York receiver title to choses in action such as the present. It undoubtedly creates a local policy which alters, to some extent, the rule indicated by some earlier decisions of our courts. But local policy is not permitted to dominate rules of comity (*Broderick*

v. *Rosner*, 294 U. S. 629), and, of course, may not override the constitutional requirement of full faith and credit.

Under familiar rules where the constitutionality of an act may be rendered doubtful, the court will first ascertain whether a construction of the act is fairly possible by which the question may be avoided. (*Crowell* v. *Benson*, 285 U. S. 22, 62; *Panama R. R. Co.* v. *Johnson*, 264 id. 375, 390.) Considered in this light we deem it clear that the provisions of section 977-b limiting the extraterritorial effect of the dissolution of a foreign corporation as to property or choses in action within this State were not intended to include those acts of a foreign State to which the constitutional requirement of full faith and credit is applicable.

The rule as to full faith and credit permits each State to determine for itself the liability of property within its territorial limits to seizure and sale under the processes of its courts. And each State may provide that local assets of foreign corporations shall remain subject to attachment by creditors after the corporation has been dissolved. (*Clark* v. *Williard*, 294 U. S. 211.)

The present action is not *in rem* but *in personam*, and does not relate to any local property or fund having its situs in this State. Though there is a fund of $43,110.24 in the possession of the plaintiff-receiver, this fund is not the subject of the present action. (We will refer to it in detail hereafter.) No claims of domestic creditors are involved herein. In fact there are no domestic creditors of Tobacco Products Corporation of Delaware, though there are stockholders residing here.

While it is asserted in the complaint that most of the directors-defendants here reside in New York or do business here, and thus it may be convenient to sue them here, this circumstance does not alter the case, for the foreign receiver may sue here if he chooses to do so. The present action, therefore, does not involve the administration of local assets for the benefit of local creditors. Any sum which plaintiff might recover in this suit for an accounting would be general assets and available to all creditors of the corporation. (*People* v. *Granite State Provident Assn.*, 41 App. Div. 257; affd., 161 N. Y. 492.)

There is no reason, therefore, for the present action to be prosecuted by this plaintiff in order to permit domestic claimants to pursue remedies granted them under any local policy.

Here a Delaware statutory receiver first took custody of the property involved, and the statutes of Delaware have vested him with title to the choses in action in suit. We are, accordingly, required to hold that plaintiff has not legal capacity to sue.

The case of *Oliner* v. *American-Oriental Banking Corp.* (277 N. Y. 588, affg. 252 App. Div. 212) does not require a contrary holding. There the Court of Appeals affirmed the appointment of a receiver under section 977-b, but entirely different circumstances were involved. The action for the appointment of the receiver was brought by a New York creditor to aid in the distribution of New York assets. The corporation involved had been incorporated in the State of Connecticut, but did business in China where a liquidator had been appointed to wind up the foreign business. The foreign liquidator was not appointed by a court of the corporation's domicile, nor pursuant to any statute that was entitled to full faith and credit. Accordingly, the courts held that the foreign liquidator did not have title to the New York assets. The domestic receiver, under section 977-b, was clearly entitled to proceed under such circumstances.

It is not necessary for us to determine at this time whether the appointment of plaintiff as receiver was null and void. As we have already stated, $43,110.24 is in the hands of the plaintiff. This sum was deposited by Tobacco Products Corporation of Delaware with a trust company situated in this State, as a fund to be distributed to its stockholders. The Delaware courts have chosen to treat this property as a trust fund to which the Delaware receiver has no title. On the other hand, an order has been made by the Supreme Court of this State directing that the $43,110.25 be turned over to plaintiff. No appeal appears to have been taken from that order. Under the circumstances, we do not declare the appointment of the receiver void. It is enough for the present to hold that he has no title to the choses in action he sues on, and, therefore, has not legal capacity to enforce the same.

The second ground upon which the plaintiff seeks to defeat the rights of the Delaware receiver is the claim that the latter has abandoned the present choses in action, and that they have thus become derelict in this State.

It appears that one DeVan, who was a plaintiff in *Cohen* v. *Tobacco Products Corp.* (264 App. Div. 703) and also a plaintiff in a separate stockholder's derivative action now pending in this court wherein misconduct on the part of the present defendants is alleged, attempted to have the Delaware receiver prosecute or join in the prosecution of causes of action similar to those on which plaintiff now sues. The Delaware receiver thereupon presented to the Delaware courts an application for instructions concerning his participation in the New York litigation. Notice of this application was given to the stockholders of Tobacco Products Corporation of Delaware. The chancellor confirmed the recommendation of the Delaware receiver

that he should not prosecute the claims which plaintiff now attempts to collect. This did not amount to a legal abandonment of the choses in action now asserted so as to make them derelict property within this State or give plaintiff any title or right thereto. It was a decision of the court having custody of the corporate property to forego the causes of action asserted. This decision did not divest the Delaware receiver of title. If such decision was erroneous, the relief available to creditors or stockholders would be to appeal further to the Delaware courts. Whether because of this decision a stockholder would have a further right to proceed derivatively, with or without the consent of the Delaware courts, is not presently before us. (*Koral* v. *Savory, Inc.*, 276 N. Y. 215.) Here plaintiff is proceeding as one entitled to enforce rights vested in the dissolved corporation. There is a legal successor to that corporation who is vested with title to, and charged with the duty of collecting, corporate assets. This court is not the forum to test the fidelity of the foreign receiver with respect to the duties of his trust, nor to determine the soundness of the foreign court's judgment as to whether action should be taken against the directors. (See *Wachsman* v. *Tobacco Products Corporation*, 42 F. Supp. 174, 179.) The Delaware courts have assumed the administration of the dissolved corporation and the possession of its receiver is the possession of the courts of that State.

The third ground on which plaintiff attempts to defeat the claim that the Delaware receiver has title to the present choses in action is that the Delaware decree appointing the receiver was obtained through collusion or fraud, and thus is not entitled to full faith and credit. Aside from mere conclusory allegations, the only facts asserted to show fraud are that certain corporate assets were removed from New York to Delaware and that the proceeding in Delaware was a "friendly" one because the petitioning stockholder and the corporation appeared by lawyers who were associated in practice.

Tobacco Products Corporation of Delaware was a holding corporation and had no creditors in this State. It was wholly solvent. More than sixty per centum of its stock was owned by United Stores Corporation. The Delaware courts were the only ones which could dissolve the company. Under the Delaware statute this might be done on the petition of any stockholder. Here, United Stores Corporation, representing the majority of the capital stock, made the petition. The Tobacco Products Corporation of Delaware might well have defaulted. Jurisdiction would exist, nevertheless. That it voluntarily appeared by some attorney who was associated in practice with the petitioning stockholder did not

show collusion. It would be essential, in order to upset the decree of dissolution on the basis of fraud, to show that deceit had been practiced on the Delaware court. It appears that that court had full knowledge of the facts.

While " friendly " receiverships have been condemned (*Harkin* v. *Brundage*, 276 U. S. 36, 54), the circumstances here involved no unseemly race between conflicting interests, nor do they warrant any inference of fraud.

It appearing that the plaintiff is without legal capacity to sue, his complaint should have been dismissed.

The order denying defendants' motion to dismiss the complaint should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements to the appellants, and the motion granted.