In the Matter of the Estate of ISIDORE FINE, Deceased.

Surrogate's Court, Bronx County, September 29, 1943.

*Leopold Freiman* for Ethel Fine, petitioner.

*Holtzman & Witte* for Pauline Fine, respondent.

HENDERSON, S. This is a proceeding for the revocation of letters of administration heretofore issued to the respondent as the widow of the decedent, Isidore Fine. The petitioner alleges that she, not the respondent, is the lawful widow of the decedent.

The facts of the case show that the petitioner and the decedent, Isidore Fine, were married in the city of Newark, N. J., in March, 1924. About a year later they separated, and from that time to the date of death of the deceased they lived apart. No children were born of such marriage.

In January, 1939, the decedent went to Miami, Florida, where he lived and was employed. On June 8, 1939, he obtained a decree of divorce from petitioner in Florida, not based on personal service or her appearance in such action.

On August 10, 1941, the decedent and the respondent herein were married in Connecticut in accordance with the laws of that State, and thereafter lived together as husband and wife until his death on December 26, 1942.

The respondent, by answer, has set up as a separate defense in this proceeding the decree of the Circuit Court in Dade County, Florida.

The decree of divorce in Florida must be given full faith and credit under the recent ruling of the Supreme Court of the United States in *Williams* v. *North Carolina* (317 U. S.

287), unless it can be shown that it was procured by fraud. As was stated in *Milliken* v. *Meyer* (311 U. S. 457, 462): " Where a judgment rendered in one state is challenged in another, a want of jurisdiction over either the person or the subject matter is of course open to inquiry. *Grover & Baker Sewing Machine Co.* v. *Radcliffe,* 137 U. S. 287; *Adam* v. *Saenger,* 303 U. S. 59. But if the judgment on its face appears to be a ' record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself.' *Adam* v. *Saenger, supra,* at p. 62. In such case the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based. *Fauntleroy* v. *Lum,* 210 U. S. 230; *Roche* v. *McDonald,* 275 U. S. 449; *Titus* v. *Wallick,* 306 U. S. 282."

The petitioner contends that the respondent, in addition to setting up the decree of divorce as part of her defense, has the burden of proof to show that the decedent acquired a genuine residence in Florida.

Where reliance is placed on a foreign judgment rendered by a court of record and of general jurisdiction, the presumption is that such court had authority to render the judgment in question and that the necessary jurisdiction was acquired properly. (*Milliken* v. *Meyer,* 311 U. S. 457, 462, *supra; Smith* v. *Central Trust Co.,* 154 N. Y. 333, 340, 341.) The presumption, however, is not conclusive. It puts the burden on the person seeking to impeach the judgment to establish that fraud has been practiced upon the foreign court. (*Milliken* v. *Meyer, supra; Smith* v. *Central Trust Co., supra; Hirson* v. *United Stores Corp.,* 263 App. Div. 646, 653; *Gustavus* v. *Dahlmer,* 98 Misc. 462.)

The petitioner has failed to supply proof which would warrant this court in impeaching the foreign judgment of divorce. Her petition must therefore be dismissed upon the merits.

Settle decree.