In the Matter of ELSIE P. FRANK, Judgment Creditor, Appellant, against IRWIN K. LUTTON et al., Judgment Debtors.

SAUL J. BERGER, as Receiver, Appellant; PENNSYLVANIA EXCHANGE BANK, Judgment Creditor, Respondent.

Third Department, May 10, 1944.

*Michael Goldberg,* attorney for Elsie P. Frank, judgment creditor appellant.

*Benjamin Miller,* attorney (*Sidney Smithline* of counsel), for Pennsylvania Exchange Bank, judgment creditor respondent.

SCHENCK, J. Appeal by judgment creditor appellant and by the receiver in supplementary proceedings from an order denying application made by them that a liquor license refund be paid over by the Comptroller of the State of New York to such receiver, and which said order also directed that such refund be paid to the Pennsylvania Exchange Bank, judgment creditor respondent.

The liquor license had been issued to Lutton and Davis, against whom both the appellant Frank and respondent held judgments. Appellant's judgment is based on notes representing the unpaid portion of the purchase price of the licensed business, which was sold by the appellant to the debtors in July, 1941. The judgment of the respondent bank is based upon a loan made by it to the debtors in January, 1942. Appellant served supplementary proceedings subpœnas on the judgment debtors on September 25 and September 26, 1942. Thereafter, on September 28, 1942, the City Court, Queens County, in which the supplementary proceedings had been instituted, appointed one Berger to be receiver of the property of the judgment debtors by order filed in Queens County clerk's office, where the debtors resided, on September 29, 1942, and such receiver filed the required bond. On September 30, 1942, the judgment debtors surrendered their license to the State Liquor Authority at the demand of the receiver. Respondent bank served its first subpœna in supplementary proceedings, a third-party subpœna, on the Comptroller on October 1, 1942. The Liquor Authority certified its approval of the refund to the Comptroller on January 12, 1943, and on that day respondent served a second subpœna on the Comptroller.

Appellant served a copy of the receivership order on the Comptroller on November 10, 1942, and a third-party subpœna on him on January 28, 1943. Appellant then moved at the Albany Special Term to require the Comptroller to pay the refund to the receiver. The motion before the Special Term put in issue the priority of the claim for the refund as between the judgment creditor appellant, represented by the receiver, and the judgment creditor bank.

The decision of the Special Term was based on the premise that the City Court is limited as to jurisdiction by the geo-

graphical limits of New York City and that the receiver in supplementary proceedings appointed by said court is similarly limited. That would be true in the case of an equity receiver. Here, however, we are dealing with a statutory receiver and the power of appointment of such receiver is derived from a statute and does not depend for its exercise upon the inherent powers of the equity court. The distinction between an equity receiver and a statutory receiver is that the former is merely a custodian of the property consigned to his custody, to which he has no title, whereas the statutory receiver has such power and authority as the statute under which he is created gives him.

Carmody's New York Practice, volume 5, page 4192, states: "The receiver in supplementary proceedings takes legal title to all of the personal property of the judgment debtor existing at the time of his appointment, with the exception of the exempt property discussed heretofore. This includes title not only to all of the personal property of the debtor which is in his own hands, but also to all of his personal property which is in the possession of others. * * * The title to such property passes without an assignment."

The receiver here is vested with his powers by the statute, not by the decree of the court which appointed him, and he is not limited to the jurisdiction of the City Court. (*Hirson* v. *United Stores Corporation*, 263 App. Div. 646, affd. 289 N. Y. 564; *Relfe* v. *Rundle*, 103 U. S. 222; *Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183; *Hastings* v. *Byllesby & Co.*, 286 N. Y. 468.) The statute here is article 45 of the Civil Practice Act, and section 807 of that article vests title in such receiver "whether acquired before or any time after the appointment" from the time of filing the order of appointment.

*Yonkers Savings Bank* v. *Piotrowski* (258 App. Div. 912) was an appeal from an order of the City Court of Yonkers, a court with jurisdiction limited to that city, directing that a receiver in supplementary proceedings appointed by that court was entitled to the moneys held by the Comptroller as a liquor license refund. The Appellate Division unanimously affirmed.

Wait's New York Practice, volume 2, section 3, page 663, states: "Under this general authority, the receiver may sue for and collect all debts, demands and rents belonging to the debtor in any court possessing jurisdiction of the subject matter of the action, without regard to the court in which he was appointed. *Rockwell* v. *Merwin*, 1 Sweeny 484, 8 Abb. N. S. 330, affd. 45 N. Y. 166."

The assignment from the debtors to the respondent bank when it made its loan, which assignment was filed with the Comptroller January 21, 1942, prior to the issuance of the license, was void as to creditors. Such assignment did not pass title to the refund when it became payable, but at most created an equitable lien between the parties thereto. (*Alchar Realty Corp.* v. *Meredith Restaurant, Inc.*, 256 App. Div. 853; *Atlas Advertising Agency, Inc.*, v. *Casa Cubana, Inc.*, 259 App. Div. 951; *Palmer* v. *Tremaine*, 259 App. Div. 951; *Multer* v. *State of New York*, 178 Misc. 360; *Schaefer Brewing Co.* v. *Amsterdam Tavern, Inc.*, 171 Misc. 352.)

The order of the Special Term should be reversed and refund directed to be paid to the receiver.

All concur.

Order of the Special Term reversed on the law and facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and refund directed to be paid to the receiver.