In the Matter of CITY OF NEW YORK, Judgment-Creditor-Respondent, against BEDFORD BAR & GRILL, INC., Judgment Debtor. MANUFACTURERS TRUST COMPANY, Assignee-Appellant.— The Manufacturers Trust Company, as assignee, appeals from an order of the Supreme Court, at Special Term, Albany County, which granted the motion of New York City, as a judgment creditor, for an order pursuant to section 794 of the Civil Practice Act directing the Comptroller of the State of New York to pay to it the sum of $658, and denied the cross motion of the Trust Company for a similar order. Bedford Bar & Grill obtained a loan from the Trust Company in the sum of $1,200 on January 29, 1953, and on the same day it was granted a renewal of its liquor license. The Trust Company obtained as security, among other things, an assignment of any refund that might become due from the State as a result of a surrender of the liquor license. The Trust Company filed its assignment with the State Comptroller

July 6, 1953, and two days later Bedford's liquor license was surrendered. On August 13, 1953, the City of New York docketed a tax warrant against Bedford in the office of the Clerk of Kings County for taxes due in the sum of $911.59. This had the effect of a judgment. On September 24, 1953, the city served its third-party subpœna in supplementary proceedings upon the State Comptroller based upon such judgment. It was not until October 5, 1953, that the State Liquor Authority advised the Comptroller that the sum of $685 was due and payable to Bedford as a refund upon the surrender of its liquor license pursuant to section 127 of the Alcoholic Beverage Control Law. Hence the refund did not come into existence until that date. The foregoing dates are decisive in favor of the city as a judgment creditor, in fact the issue of the priority of a judgment lien over an equitable assignment is not an open one in this court (*Matter of Alchar Realty Corp.* v. *Meredith Restaurant,* 256 App. Div. 853; *Matter of Frank* v. *Lutton,* 267 App. Div. 703). We do not think the case of *Matter of Gruner* (295 N. Y. 510) is in point. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.